## 75638. COLEMAN v. THE STATE.
(365 SE2d 526)

BANKE, Presiding Judge.

The appellant was convicted of four counts of violating the Georgia Controlled Substances Act by selling cocaine. On appeal, his appointed counsel has filed a motion to withdraw and a supporting brief pursuant to the procedure set forth in *Anders v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967). In response, the appellant has filed a motion with this court seeking the appointment of another counsel to represent him on appeal. In a pro se brief, the appellant also contends that he was denied effective assistance of counsel at the trial level. Although a motion for new trial was filed in the case, it does not appear that this issue has previously been raised. *Held*:

1. After considering the points raised in the brief of appointed counsel and conducting an independent examination of the record and transcript, this court agrees with counsel that the present record establishes no arguable basis for an appeal and consequently grants the motion to withdraw.

2. Having further concluded that the evidence presented by the state was sufficient to enable any rational trier of fact to find the appellant guilty of the crime charged beyond a reasonable doubt, we also affirm the convictions. See generally *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980).

3. The appellant's motion for the appointment of another counsel to represent him in this appeal is perforce denied.

4. The appellant's claim of ineffective counsel cannot be considered because there has been no ruling by the trial court on this issue. However, in accordance with the Supreme Court's decisions in *Thompson v. State*, 257 Ga. 386 (359 SE2d 664) (1987), and *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986), we cannot treat the issue as having been waived; but, since the motion for new trial in this case was ruled on prior to the effective date of the *Thompson* decision, we must vacate the denial of the motion for new trial and remand the case to the trial court for a hearing on the issue. In the event that, following this hearing, the motion for new trial is again denied, the appellant shall be entitled to file a renewed appeal on this issue and this issue alone.

*Judgment vacated and case remanded with direction. Benham,*

*J., concurs. Carley, J., concurs in judgment only.*

DECIDED JANUARY 29, 1988.

*Richard O. Ward*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Sheryl B. Jolly, Assistant District Attorney*, for appellee.