## 38981. SIMPSON v. THE STATE.

HILL, Chief Justice.

Thomas Jack Simpson was tried by a jury and convicted of the murder of his wife, Grace Simpson. The state's evidence showed that the 56-year-old defendant used crutches because he had only one leg. The 61-year-old victim used either a wheelchair or a walker. Both drank heavily. On January 13, 1982, the defendant asked his neighbor, Judy Lyons, to get him a cab, which she did about 6 p.m. She testified that he was a little bit drunk then. When he returned about 8 or 9 p.m. he had with him the whiskey he had gone to purchase. After his return, Judy Lyons heard the defendant and the victim arguing, heard the defendant say he ought to kill the victim, and heard the defendant hitting the victim and the victim screaming. The next morning she heard the defendant "hollering for Bobby, the next door neighbor." Bobby Brown went over to the defendant's

house where he found the victim lying at the bedroom door. The police were called. One of the officers testified that the defendant had what looked like dried blood on both hands and that he saw what looked like blood on one or both of the defendant's crutches.

The pathologist who performed the autopsy on the victim testified that she had been hit or beaten on the left side of her face, resulting in extensive damage, including sharp lacerations or cuts, an abrasion of the upper lip, and severe swelling of the eye. She had also been beaten on both arms. Certain marks on her face (round bloody spots) were consistent with the state's theory that she had been hit by the defendant's crutch, and that the bolt heads had left those marks. The pathologist testified that the impact of one of the blows to her left forehead caused her death, and that she had died between midnight and 7 a.m. On cross-examination, he answered that it was possible that that particular injury could have been caused by her having fallen out of bed and hit her head on an object.

The defendant testified that he went out for a pint of whiskey the evening of January 13, 1982, and that he and his wife had two small drinks and then went to bed. The next morning he got up at 6 a.m., leaving his wife in bed. About 7 a.m. he fixed her a cup of coffee at her request and put it on a chair by the bed. After he finished eating his breakfast, he went back in the bedroom and found his wife lying on the floor between the door and the bed. She did not appear to be breathing. Her wheelchair, which he had left by the bed, had been moved about a foot and a half away. The defendant laid his crutches down by his wife and tried to pick her up and put her on the bed but was unable to do so. He hollered for help. A neighbor, Bobby Brown, responded.

The defendant also testified that he had never hit his wife with his crutches, and that she not infrequently fell out of bed. He admitted that he sometimes slapped his wife, and that he had slapped her the night before her death, but contended that their relationship the next morning was amiable. His testimony was impeached in part by a police investigator who testified that the defendant told him that he and his wife had renewed their argument of the night before that morning, and he had slapped her a couple of times.

1. The evidence is sufficient to allow a rational jury to find the defendant guilty of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Defendant's contention that he was so drunk that he was incapable of forming the requisite intent is without merit, Code Ann. § 26-704, as is defendant's argument based on the hypothesis that the victim died by falling out of bed. The jury was authorized to find that the massive head injuries were not caused by a fall.

2. Appellate counsel urges that defendant's two trial counsel rendered ineffective assistance of counsel, by acts of omission as well as commission. No motion for new trial was filed. Therefore the trial court has not ruled on this matter. More importantly, defendant's two trial attorneys have not been heard on this issue. For these reasons, we decline to decide this enumeration of error in this case.

3. The state presented the testimony of Donald Cox, a police officer who had been dispatched to the Simpsons' home because neighbors had called the police complaining of a disturbance on or about December 1, 1981, some 6 weeks before Mrs. Simpson's death. He testified that Mrs. Simpson's face was bruised, marked and bloody. When he was asked if he had an opinion as to whether the marks on her face were caused by something soft like a hand or something hard like an instrument, the defendant's objection that Cox had not been qualified as an expert on wounds or injuries and that a proper foundation for such evidence had not been laid was sustained.

The district attorney then proceeded to establish that Cox had been a police officer some 10 years and that he had seen numerous people whose faces had been beaten with fists and numerous people whose faces had been beaten with instruments. The district attorney then asked Cox whether, based on his experience, he had an opinion as to what caused the damage to Mrs. Simpson's face that he had observed in December of 1981. He responded that he thought she had been hit with the defendant's crutches. Defendant contends that admission of this testimony was error. We find no reversible error here.

4. The defendant's final objection is that the trial court erred in allowing a photograph into evidence that showed the body of the victim and a bloodstained crutch because the photograph was contrived, the crutches not having been near the victim's body when the first police officer arrived. We have examined the photograph complained of and find no crutch therein. The stick-like object near the victim's head appears similar to the cardboard tube on a clothes hanger. Two of the pictures introduced into evidence do show the crutches, and no juror could reasonably have thought that the object near the victim's head was a crutch. Therefore this enumeration shows no error.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 30, 1982.

*Robert L. Cork, Jesse T. Edwards, George M. Saliba,* for

appellant.

*H. Lamar Cole, District Attorney, Michael J. Bowers, Attorney General, Virginia H. Jeffries, Staff Assistant Attorney General,* for appellee.