## 42806. SMITH v. THE STATE.
(341 SE2d 5)

WELTNER, Justice.

Johnny Smith was convicted of murder by shooting and killing Ernest Battle with a handgun, and of armed robbery. He was sen-

tenced to two concurrent terms of life imprisonment.[1] His co-defendants, Nolton and Simpson, testified for the state that they, along with Smith, had made plans to rob the victim, who was a known drug dealer. Nolton (who pleaded guilty to felony murder) testified that he (Nolton) shot Battle during the robbery attempt, believing that Battle was reaching for a weapon. Battle's wallet was taken.

1. The evidence in this case was sufficient to enable the jury to find that Smith plotted with two others to rob Ernest Battle; that he drove with them to the scene of the crime and approached the victim, and was present when he was shot and killed by his co-defendant, and when his wallet was removed from his body. This clearly meets the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). OCGA § 16-2-20.

2. Smith alleges that the trial court impermissibly restricted his cross-examination of Nolton. He contends that Nolton and Simpson were involved in drug-dealing; that they had approached Smith to join; and that his refusal led them to implicate him falsely in the murder of Battle. Nolton denied the existence of a drug organization, and claimed that he had known Simpson only by reputation prior to the Battle murder. Smith's counsel cross-examined Nolton as follows:

Q "How did you know Greg Simpson?"

A "From things I heard about him in the . . . community."

Q "And what had you heard?"

At this point, the court sustained the state's hearsay objection to this question, for want of a proper foundation. Smith's counsel did not ask Nolton whether he was familiar with Simpson's reputation in the community, but told the court, "I want to know what he heard, Judge. I want to know how he knew Greg Simpson." Later in the cross-examination, Nolton testified to some rumors he had heard about Simpson's involvement in a prior robbery. Smith complains that he was prevented from impeaching Nolton's credibility.

In light of the manner in which the cross-examination proceeded, there was no error. *Williams v. State*, 254 Ga. 6 (8) (326 SE2d 444) (1985).

3. Smith alleges that he was denied effective assistance of counsel at trial. After conviction, his trial counsel filed a motion for new trial. Smith then obtained a new lawyer, who filed an amendment to the motion for new trial, but did not raise the issue of effective assistance. That is urged for the first time on this appeal.

---

[1] The offense was committed on November 25, 1984. Smith was convicted on February 4, 1985 and his sentence was amended on June 12, 1985. His motion for a new trial was filed on February 25, 1985, amended on April 16, 1985, and denied on June 10, 1985. Notice of appeal was filed on July 10, 1985. The transcript was certified on February 20, 1985. The appeal was docketed in this court on October 17, 1985 and the case was submitted on January 14, 1986.

We have declined to address similar claims, when raised for the first time on appeal, in the following circumstances: (a) when appellate counsel failed to file a motion for new trial. *Simpson v. State*, 250 Ga. 365 (2) (297 SE2d 288) (1982); (b) when appellate counsel filed a motion for new trial but failed to raise the ineffectiveness issue, *Brown v. State*, 251 Ga. 598 (3) (308 SE2d 182) (1983); and (c) when appellate counsel was retained for the first time during the pendency of the appeal, *Williams v. State*, supra.

In each instance, the trial court had not ruled on the issue, nor was there available any testimony from the lawyer who conducted the trial. 250 Ga. at 367.

In *Castell v. Kemp*, 254 Ga. 556 (331 SE2d 528) (1985), we sustained the trial court in finding that the ethical prohibition against a lawyer acting also as a witness precluded his presenting a claim of ineffective assistance of counsel concerning the trial which he, himself, had conducted.

It is a requisite of a sound system of criminal justice, serving alike the proper ends of defendants and of the public, that any contention concerning the violation of the constitutional right of counsel should be made at the earliest practicable moment. Thus we remand the case to the trial court for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel.

4. There being no error, the case must be affirmed.

*Judgment affirmed and case remanded. All the Justices concur, except Hill, C. J., who concurs in the judgment of affirmance only.*

DECIDED MARCH 18, 1986 —
RECONSIDERATION DENIED APRIL 1, 1986.

*Brown, Katz, Flatau & Hasty, Sandra J. Popson,* for appellant.
*Willis B. Sparks III, District Attorney, Wayne G. Tillis, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Staff Assistant Attorney General,* for appellee.