### 44661. THOMPSON v. THE STATE.
(359 SE2d 664)

SMITH, Justice.

The appellant, Darryl Eugene Thompson, was convicted of the murder and armed robbery of Harold Barrett. He was sentenced to twenty years imprisonment for the armed robbery and life imprisonment for the murder, with the sentences to run consecutively. We affirm.*

---

* The crime was committed on May 15, 1985. The Fulton County jury returned its verdict of guilty on September 17, 1985. A motion for new trial was filed on September 17, 1985,

The victim's girl friend testified that the victim was in the habit of wearing a large quantity of expensive jewelry and that he had over $1,200 in cash with him the day of his death. She testified that the victim called her from his car telephone at approximately 7:00 o'clock the evening of May 15, 1985, and told her that he was going to get a saw for the appellant so that he could cut some bushes.

The appellant had been employed for several months to do the victim's yard work and on the day of the murder he was working in the yard.

When the police arrived on the afternoon of May 16, 1985, they noticed that the lawn was only partially cut and the victim's Mercedes 450 SL was missing. The victim was found with a large towel over his head and his body was leaning face first against a wall near the bathroom of his home. He had been stabbed seven times with a knife and he died as a result of multiple stab wounds. There was a great deal of blood where the body was found and also in the nearby bathroom. Bloody footprints that were made by some type of tennis shoes were found on the floor near the body and also in the hallway. The victim's jewelry and cash were gone and his trouser pockets had been turned inside out.

The victim's girl friend told the police that the appellant had been employed by the victim. The police located him in a bar where he was uncharacteristically buying drinks for other patrons.

The appellant initially denied being at the victim's home the day of the murder. Later he told detectives that he had gone into the house to get a drink of water when he noticed blood in the hallway, found the victim in the bathroom, leaned the victim against the wall, covered his head with a towel, and left the house. He made no attempt to call the police. The shoes that the appellant was wearing when he was picked up were the same type tennis shoe that made the bloody footprints in the victim's home, and they had blood matching that of the victim on them.

1. Reviewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the appellant guilty as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant asserts that he was denied effective assistance of counsel and thus a reversal is necessary.

In *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986), the defendant's trial attorney filed a motion for new trial, and then a new attor-

and an amended motion for new trial was filed on October 31, 1986, and overruled on December 12, 1986. The notice of appeal was filed on January 12, 1987. The transcript of evidence was filed on May 1, 1987. The record was docketed in this Court on May 11, 1987 and submitted in this Court on June 26, 1987.

ney filed an amended motion for new trial, but he did not challenge the ineffectiveness of trial counsel. On appeal to this Court the defendant asserted, for the first time, that trial counsel had been ineffective. We noted in *Smith,* id. at 655, 656, that "[i]t is a requisite of a sound system of criminal justice, serving alike the proper ends of defendants and of the public, that any contention concerning the violation of the constitutional right of counsel should be made at the earliest practicable moment." We remanded the case to the trial court for a hearing concerning the claim of ineffective assistance of counsel.

In the case before us the new attorney filed an amended motion for new trial on October 31, 1986, and the motion was heard and overruled on December 12, 1986. The claim of ineffective assistance of counsel was not raised until the direct appeal was filed. We remand this case under the rationale of *Smith,* supra, for the trial court to consider the claim. But, from the date this opinion is published in the Official Advance Sheets this court will no longer remand such cases. Any ineffective counsel challenge will be deemed waived if the new attorney files an amended motion for new trial and does not raise the issue before the trial court so that the challenge can be heard at the earliest practicable moment, i.e., during the hearing on the amended motion.

*Judgment affirmed and case remanded. All the Justices concur.*

DECIDED SEPTEMBER 9, 1987.

*Mark J. Kadish, Alan J. Baverman,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, John M. Turner, Jr., Assistant District Attorneys, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellee.