## 45740. DAWSON v. THE STATE.
(369 SE2d 897)

SMITH, Justice.

We granted certiorari in *Dawson v. State,* 186 Ga. App. 718 (368 SE2d 367) (1988), to determine whether this case should have been remanded to the trial court for findings of fact as to ineffective assistance of counsel. We reverse and remand.

1. In *Smith v. State,* 255 Ga. 654 (341 SE2d 5) (1986), the defendant's trial counsel filed a motion for new trial. The defendant retained different counsel to represent him on appeal.[1] Appellate counsel filed an amended motion for new trial, but he did not challenge the effectiveness of trial counsel. The claim was raised for the first time on direct appeal. This Court noted:

[i]t is a requisite of a sound system of criminal justice, serving alike the proper ends of defendants and of the public, that any contention concerning the violation of the constitutional right of counsel should be made at the earliest practicable moment.

Id. at 655, 656. Thus, the case was remanded to the trial court for a hearing concerning the claim of ineffective assistance of counsel.

In *Thompson v. State,* 257 Ga. 386 (359 SE2d 664) (1987), appellate counsel filed an amended motion for new trial. The claim of ineffective assistance of counsel was not raised until the direct appeal was

---

[1] For purposes of this opinion, the term "appellate counsel" refers to an attorney who files an appeal, but who did not try the case.

filed. The case was remanded under the rationale of *Smith*, supra, for the trial court to consider the claim. However, we held:

> [a]ny ineffective counsel challenge will be deemed waived [and the case will not be remanded] if appellate counsel files an amended motion for new trial and does not raise the issue before the trial court so that the challenge can be heard at the earliest practicable moment, i.e., during the hearing on the amended motion.

Id. at 388.

Unlike *Smith* and *Thompson*, in this case the issue of ineffective assistance of trial counsel was raised in the trial court in an amended motion for new trial filed by appellate counsel. However, he did not request an evidentiary hearing on the issue, but he argued the motion by filing an extensive brief. Thus, *Thompson* does not control, and under the *Smith* rationale the case must be remanded for an evidentiary hearing. However, this Court will no longer remand such cases.

2. When appellate counsel raises the issue of ineffective assistance of counsel in an amended motion for new trial, appellate counsel must request a hearing on the issue. If no such request is made, the right to a hearing is waived. This rule will take effect the day this opinion is published in the Official Advance Sheets.

3. Though we are remanding this case for an evidentiary hearing, we adopt the Court of Appeals' opinion which concerns the necessity of trial counsel's testimony. Each case must be considered on its individual facts. Generally if the claim of ineffectiveness relates to matters outside of the record, then trial counsel's testimony will usually be needed. Likewise, if the claim involves matters during the course of the trial as shown by the transcript, then trial counsel's testimony may not be required.

Thus, this case is remanded to the trial court for a hearing as to effectiveness of counsel.

*Case remanded with instructions. All the Justices concur, except Hunt, J., not participating.*

DECIDED JULY 6, 1988.

*Wayne W. Gammon*, for appellant.
*Darrell E. Wilson, District Attorney*, for appellee.