## 77238. ORTIZ v. THE STATE.
(375 SE2d 891)

BEASLEY, Judge.

Michael Ortiz was convicted, in a bench trial, of trafficking in cocaine (OCGA § 16-13-31) and giving a false name to a law enforcement officer (OCGA § 16-10-25).

He enumerates as error the court's denial of his motion to suppress the evidence seized from his person. The only issue is whether defendant gave his consent to the body search or only to the search of the totebag he was carrying while engaged in changing planes at the Hartsfield International Airport.

He attempts on appeal to broaden the issue so as to attack also the voluntariness of the consent, but he is confined to the ground raised below. First, "it is well settled that this court will not consider issues and grounds for objection which were not raised and passed upon in the trial court. [Cits.]" *Jefferson v. State*, 157 Ga. App. 324, 326 (2) (277 SE2d 317) (1981). Second, at the motion hearing, defendant admitted he gave consent to the search of the totebag and never stated or even inferred that this consent was not voluntary. Under the circumstances of the consent and search, in which the consent relied upon for the search was the instance of consent referred to by defendant, he cannot now contend that the body search consent was involuntary and the totebag search consent was voluntary. The question is merely the scope of the consent.

A narcotics agent testified that he and another agent were watching people exit a plane from Miami, a city known as a drug source, when he noticed appellant because of his colorful clothing. Several

factors combined to arouse the agent's suspicions that appellant and his companion were transporting drugs. They approached the two and identified themselves. After asking several questions about identification and travel, the answers to which increased the suspicions, the agent told Ortiz that he "would like your cooperation and allow us to search your bag and your person." Ortiz replied affirmatively and handed the totebag to the agent, who offered to go to a more private place. When Ortiz agreed, the agent handed the totebag back to Ortiz and the four men went to a small room fifty to a hundred feet away.

The agent searched the totebag, in which he found no drugs, and a third officer who had joined them patted down Ortiz. He found four plastic bags of white powdery substance, which evidence showed was cocaine, between Ortiz' underwear and a girdle he was wearing to retain the bags. The first agent then found more cocaine and Ortiz' driver's license, showing his true identity, in the back pocket of his pants. At no time did Ortiz "verbalize" a withdrawal of the consent he had given. After this direct examination, the agent repeated three more times during cross-examination that he asked for permission to search the bag and the person and that Ortiz consented.

Ortiz then testified and said that he gave permission to search the bag but not his person. He said he did not understand that the agent was asking him to consent to a search of his body, his person. He admitted that he lied when he told the agent he had no identification and that he did not give his true name, and he testified that he was now telling the truth and "I feel that I already have learned a lesson."

Thus the only issue was one of credibility, which the trial court expressly recognized in ruling, and on appeal we cannot conclude that there was no evidence to support the resolution of fact against the defendant. "Unless clearly erroneous, the trial court's rulings on disputed facts and credibility at a suppression hearing must be accepted by this court on appeal, [Cits.], . . ." *Williams v. State*, 251 Ga. 749, 792 (8) (a) (i) (312 SE2d 40) (1983). On a motion to suppress evidence, the factfinder is the court. *Robinson v. State*, 162 Ga. App. 690, 691 (292 SE2d 109) (1982).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED DECEMBER 1, 1988.

*Susan M. Kirby, Bruce S. Harvey*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.