## 77902. SHY v. THE STATE.
(378 SE2d 920)

SOGNIER, Judge.

Jimmy Shy was indicted for malice murder and felony murder and convicted of voluntary manslaughter, and he appeals.

Construing the evidence to support the verdict, the record reveals that appellant lived with his mother and his uncle. Also staying temporarily at the home was the victim, Reed, who had left her husband. Evidence was adduced that while appellant's mother and Reed were in the kitchen, appellant entered the room carrying a gun, and told Reed he wanted her to leave the house because her presence was upsetting his mother. Appellant's mother left the kitchen and went into her room, where she heard further argument between appellant and Reed from appellant's room, followed by a gunshot.

Appellant admitted shooting Reed. He testified that he had taken the gun into the kitchen to frighten Reed into leaving the house, but that he had returned to his room and put down the gun

when Reed came into his room after him brandishing a butcher knife. Appellant was aware that some years before, Reed had stabbed her husband, and testified that he was afraid she would do the same to him. He stated that she attempted to stab him several times, and he again picked up the gun. In his efforts to block her attempts to stab him, the gun hit the knife and discharged.

1. We find the evidence adduced at trial sufficient to enable a rational trier of fact to convict appellant of voluntary manslaughter. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by allowing into evidence the testimony of Mark Peevy of the State Crime Laboratory giving his opinion on the physical and mental effects of alcohol on the human system because no proper foundation was laid for this testimony. The record does not support this enumeration. When appellant's counsel objected, the State completed the foundation for the opinion testimony by establishing that Peevy had successfully completed a course at the Mercer School of Southern Pharmacy on drugs and alcohol and their effect on the central nervous system. Appellant did not object further to Peevy's qualifications or to the foundation for his testimony. Appellant's only other objection during Peevy's testimony went to the form of the questions put to Peevy, which objection is not enumerated on appeal. Thus, we need not decide whether a proper foundation was laid because appellant abandoned his foundation objection. Appellant has not preserved this issue for review, and " 'this court will review and correct only such error as was made in the trial court and only on the specific basis on which it was presented to the trial court. [Cit.]' [Cit.]" *Chrysler Corp. v. Marinari*, 182 Ga. App. 399, 403 (3) (355 SE2d 719) (1987).

3. Appellant asserts the trial court erred by instructing the jury, prior to the introduction of any evidence, that should they convict appellant of more than one charge he would be sentenced only on one. However, it is apparent that, rather than a subtle attempt to circumvent OCGA § 17-10-13, the trial court's comment was actually an attempt to clear up the confusion left by references to more than one indictment in the opening statements of both the State and the defense, and to have the jury understand that they need not be concerned with sentencing in their consideration of the charges. Moreover, appellant raised no objection to this explanation by the trial court, and thus he cannot now complain. See generally *Buckner v. State*, 186 Ga. App. 376, 377 (367 SE2d 277) (1988).

4. Appellant next enumerates as error the trial court's failure to give his requested charges numbered 1-10 and 14. We find no merit in this enumeration.

(a) Appellant's requests to charge 1, 2, 5, and 6 related to voluntary manslaughter as a result of irresistible passion. Of these, appel-

lant's request to charge number 2 was, in fact, given by the trial court in the exact language requested, and the remaining requests were covered in substance, although not in the exact language requested. Appellant's requests 3 and 4, defining involuntary manslaughter, and 8, 10, and 14, dealing with justifiable homicide and self-defense, were also covered in the charge of the court. " 'It is not necessary to give the exact language of a request to charge when the same principles are fairly given in the general charge. [Cit.] . . .' " *Farmer v. State*, 185 Ga. App. 512, 513 (3) (364 SE2d 639) (1988).

(b) In requests to charge 7 and 9, appellant sought to have the trial court instruct the jury as to involuntary manslaughter in the commission of a lawful act in an unlawful manner. However, appellant's defense was that he killed Reed in self-defense. "[A] defendant who seeks to justify homicide under the 'self-defense' statute, OCGA § 16-3-21 . . . , is not entitled to an additional instruction on involuntary manslaughter in the course of a lawful act, (OCGA § 16-5-3 (b) . . .) *whatever* the implement of death. For if he is justified in killing under OCGA § 16-3-21 . . . , he is guilty of no crime at all. If he is *not* so justified, the homicide does not fall within the 'lawful act' predicate of OCGA § 16-5-3 (b) . . . , for the jury, in rejecting his claim of justification, has of necessity determined thereby that the act is not lawful." (Emphasis in original.) *Saylors v. State*, 251 Ga. 735, 737 (3) (309 SE2d 796) (1983). The trial court did not err by refusing to give these charges.

5. Appellant also asserts the trial court erred by giving the State's requested charges on mutual combat. We do not agree. There was evidence presented at trial that Reed was threatening appellant with a knife and that appellant had a gun. There was also some evidence that both appellant and Reed were angry and that threatening words were exchanged. "Where there is any evidence, however slight, upon a particular point, it is not error to charge the law in relation to that issue. [Cit.]" *Johnson v. State*, 185 Ga. App. 505, 506 (1) (364 SE2d 893) (1988). Hence, it was not error to give these charges.

6. Appellant finally contends the trial court erred by recharging the jury on voluntary manslaughter by mutual combat and irresistible passion without also charging them on accident and misfortune and self-defense. The record reveals that the jury specifically asked what mutual combat and irresistible passion really meant. It is not error to limit a recharge to the question asked. *Davis v. State*, 184 Ga. App. 415, 416 (3) (361 SE2d 547) (1987). In fact, "[r]esponding to a jury's request to restate portions of the charge is generally required of the trial judge, [cit.], and it is within the court's discretion to recharge only that which is specifically requested. [Cit.]" *Appling v. State*, 256 Ga. 36, 38 (2) (343 SE2d 684) (1986). The trial court did not abuse its discretion by limiting its recharge to the specific questions asked.

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur in Divisions 1, 2, 4, 5 and 6, and in the judgment.*

DECIDED FEBRUARY 20, 1989.

*Crudup & Howell, John P. Howell,* for appellant.
*John M. Ott, District Attorney,* for appellee.