## S89A0039. JOHNSON v. THE STATE.

(383 SE2d 115)

CLARKE, Presiding Justice.

Appellant was convicted of the malice murder of Murray McLean. He was sentenced to life imprisonment on the murder conviction and to a term of years for possession of a firearm by a convicted felon.[1] He appeals, citing three enumerations of error: 1) that the evidence was not sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); 2) that the court erred in excluding evidence of the reputation for violence of one of the victim's friends present at the scene; 3) that his trial counsel was ineffective.

A three-wheel motorized all terrain vehicle (ATV) was stolen from the victim's son and sold to appellant's son David Johnson by two acquaintances for $200. The victim, Murray McLean, arrived at David's house to claim his ATV, David Johnson apparently denied knowing that it had been stolen and helped the victim load it into his truck.

When appellant came to the house he was informed about the events of the day. Appellant's younger son telephoned the victim at his father's direction. The state's witnesses testified that McLean was told that the thieves would be at the house and that he could confront them. McLean returned to appellant's home with several companions. Defense witnesses contended that the message to McLean was that he should *not* come to the Johnson house because the thieves would not be there. Appellant had also called several friends who came to his aid armed. Appellant shot McLean in the face with a shotgun and killed him. There was testimony at trial that appellant shot McLean without provocation. There was testimony at trial by all of the members of the McLean party, as well as by three others who were at the Johnson house, that the McLean group was unarmed on both visits to David Johnson's house. There was testimony that appellant also wounded his son David, that he shot at the victim's fifteen-year-old son and his friend Jodie Sharpe, that he threatened to kill another teenager with the McLean party, and that he kicked another member of the McLean group in the face, relenting only at the urging of his younger son not to kill another person. Appellant contends that the shooting was accidental, in self-defense, or, at most, voluntary manslaughter.

1. We find that the evidence of appellant's guilt was sufficient to

---

[1] The crime was committed August 5, 1988. Appellant was indicted October 12, 1988. He was convicted of malice murder and possession of a firearm by a convicted felon and sentenced February 10, 1989. His trial counsel filed a motion for new trial March 7, 1989, which was denied March 13, 1989. The transcript was certified March 20, 1989. A notice of appeal was filed April 12, 1989, by a new attorney. The appeal was docketed in this court May 24, 1989, and submitted for opinion July 7, 1989.

satisfy the requirements of *Jackson v. Virginia,* supra.

2. Appellant insists that the court erred in excluding the evidence of the reputation of McLean's companion Robert Kersey for violence. He contends that this evidence should have been allowed pursuant to OCGA § 24-9-84 and through an extension of the rules of *Milton v. State,* 245 Ga. 20 (262 SE2d 789) (1980), and *Henderson v. State,* 234 Ga. 827 (218 SE2d 612) (1975). Appellant argues that the reputation of any member of an assaulting party for violence would be probative of the defendant's actions.

The state points out that there are several reasons why the court did not err in not allowing defense counsel to ask Kersey questions concerning his reputation for violence. However, the most important reason that the court's refusal was not harmful error is that the appellant testified that he did not even know who Kersey was until after the shooting. Asked where the members of the McLean party were at the time of the shooting, appellant said in regard to Kersey: "It was Robert Kersey - at least I found out his name was Kersey - and Billy, that was his son, Joey Sharpe, they were propped up against that Chrysler right where Mr. McLean got killed; right in front of the Chrysler on the porch." Therefore, since appellant did not even know who Kersey was at the time, Kersey's reputation could have had no bearing on *appellant's* conduct. Since there was no allegation on the part of any of the witnesses that Kersey's behavior was violent on this occasion, his reputation for violence was irrelevant insofar as *Kersey's* conduct was concerned. Therefore, Kersey's reputation for violence and, specifically, for carrying a gun, was irrelevant for any purpose.

3. The claim of ineffective assistance of counsel concerns counsel's failure to introduce evidence of McLean's criminal record and that of several of McLean's companions and failure to introduce evidence of the reputation of others in his party for violence.

In *Smith v. State,* 255 Ga. 654 (341 SE2d 5) (1986), trial counsel filed the motion for new trial, and a new attorney represented defendant on appeal. Appellate counsel filed an amended motion for new trial but did not raise the issue of ineffectiveness of trial counsel until the direct appeal. We remanded the case to the trial court for a hearing on the effectiveness of trial counsel. In *Thompson v. State,* 257 Ga. 386 (359 SE2d 664) (1987), appellate counsel filed an amended motion for new trial but did not raise the issue of ineffectiveness until the direct appeal. The case was remanded under the *Smith* rationale, but this court held that henceforth the claim of ineffectiveness would be deemed waived if appellate counsel filed an amended motion for new trial without raising the issue of ineffectiveness.

In *Dawson v. State,* 258 Ga. 380 (369 SE2d 897) (1988), we held that henceforth the claim of ineffectiveness would be deemed waived if appellate counsel filed an amended motion for new trial and raised

the issue of ineffectiveness *but failed to request an evidentiary hearing.* In the present case, appellate counsel did not represent Johnson at trial or at the motion for new trial. Therefore, the requirement of *Thompson* that the issue of ineffectiveness must be raised at the time of the amended motion for new trial by a new attorney who files a motion for new trial does not preclude the issue here. However, we must consider the requirement of *Dawson* that an evidentiary hearing be requested at the time the issue is raised. In *Dawson* we decided that the new attorney who files an amended motion for new trial raising the issue of ineffectiveness of trial counsel must also request an evidentiary hearing in the trial court at that time. Here, appellant's new attorney did not file an amended motion for new trial. Rather, he filed an .appeal from the denial of the motion for new trial filed by trial counsel. In this appeal appellant raises the issue of ineffectiveness of trial counsel for the first time. He has not yet filed any request for an evidentiary hearing. However, the *state* has requested that the case be remanded for a hearing.

We hold that the requirement of *Dawson v. State*, supra, that an evidentiary hearing must be requested at the time of an amended motion for new trial does not apply to a case where the appellate counsel did not participate in the motion for new trial, and the issue of ineffectiveness of counsel is raised for the first time on appeal. Although appellant should have by now filed a request for an evidentiary hearing, he is not barred from proceeding with his claim on this account. Since the claim was only raised on appeal, there was no opportunity for a hearing before the trial court; it is not unreasonable that the case be remanded for a hearing at this point. We grant the state's request that the case be remanded for an evidentiary hearing in the trial court on the issue of ineffectiveness of trial counsel.

*Affirmed as to Divisions 1 and 2 and remanded for appropriate action as to Division 3. All the Justices concur.*

DECIDED SEPTEMBER 8, 1989 —
RECONSIDERATION DENIED SEPTEMBER 28, 1989.

*Faulkner & Russell, Randall D. Russell, Sr.,* for appellant.
*Willis B. Sparks III, District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.