A89A0867. SCOTT v. THE STATE.
(388 SE2d 416)

BEASLEY, Judge.

Scott appeals his convictions and sentences for two counts of armed robbery, OCGA § 16-8-41 (a), and one count of kidnapping, OCGA § 16-5-40 (a).

1. This court's jurisdiction is the threshold question.

Defendant's sentences were entered on February 8, 1988, at which time he was represented by appointed counsel. The following day, new counsel was appointed for appeal. On May 17, appellate counsel wrote defendant a detailed letter explaining his opinion that any attempt at appeal would be wholly frivolous and advising defendant that he was going to petition the trial court to withdraw as counsel on appeal. Defendant, on May 19, sent counsel a letter objecting to the withdrawal and indicating that he would file a pro se motion for new trial. The motion for new trial was never filed.

Counsel filed a motion for withdrawal on June 29. On December 5, 1988, this court announced that it would no longer entertain motions to withdraw pursuant to *Anders v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967). *Fields v. State*, 189 Ga. App. 532 (376 SE2d 912) (1988). On January 3, 1989, the trial court denied counsel's motion for withdrawal, directing that counsel file a notice for out-of-

time appeal and proceed with the appeal, stating that such appeal could include counsel's motion to withdraw if counsel deemed it appropriate. Counsel filed a notice of appeal on January 6.

The record contains no request for an out-of-time appeal and no explicit basis for its grant. However, the record shows that appellate counsel did not make his initial determination that an appeal would be frivolous and so notify defendant until more than two months past the date to file a timely notice of appeal from defendant's sentences. Under these circumstances an out-of-time appeal was warranted to prevent constitutional deprivation to defendant. Therefore, this court has jurisdiction of the appeal. See *Shirley v. State*, 188 Ga. App. 357 (1) (373 SE2d 257) (1988).

2. Appellant contends that the trial court erred in refusing to excuse one of the jurors for cause.

During individual voir dire, the juror indicated that she had been involved in a robbery approximately five or six years before and that it had been terrifying to have someone put a gun in her face. Defense counsel asked whether she could listen to the evidence presented and instruction from the court and make a determination on that alone or whether because of her experience she would be unable to listen to the evidence without giving more weight to the testimony of the victims. The juror responded that she really did not know but would be "inclined to lean toward the prosecution."

Defense counsel requested that she be removed for cause. The State reiterated the defense question and the juror stated she understood the original question and thought she would still lean toward the prosecution. The defense renewed its challenge for cause, arguing that the juror had already admitted she would be prejudiced before hearing any evidence and therefore would not be able to listen fairly and impartially. The court stated that it was a close call and asked the juror if she could listen to the evidence and not make up her mind until all the witnesses testified and the court gave its instruction. The juror stated that she would try to be impartial but did not know if she could be. The court asked again if the juror could decide guilt or innocence based on the facts of the case and the law. The juror responded she would try. The court stated that it needed to know whether she *could* do it. The juror responded, "Yes, I guess I could." The court overruled the challenge.

"Whether to strike a juror for favor lies within the sound discretion of the trial court ([Cits.]), and absent manifest abuse of that discretion, appellate courts will not reverse. [Cit.] . . .

"The fact that a potential juror may have some doubt as to his impartiality, or complete freedom from all bias, does not demand as a matter of law that the juror be excused for cause. [Cits.]" *Harris v. State*, 178 Ga. App. 735, 736 (1) (344 SE2d 528) (1986).

Although the juror expressed her bent toward the prosecution ostensibly because she herself had been a victim of an armed robbery, she expressed no bias or prejudice against this defendant or any fixed opinion about his guilt, and ultimately she determined that she could be impartial. Under these circumstances, refusal to excuse the juror for cause was not a manifest abuse of discretion. See *Godfrey v. Francis*, 251 Ga. 652, 661 (9) (308 SE2d 806) (1983); *Butler v. State*, 231 Ga. 276, 278 (3) (201 SE2d 448) (1973).

3. Appellant contends that the verdict was contrary to and strongly against the weight of the evidence, specifically maintaining that certain fingerprint evidence was blurry and that his alibi evidence was so strong that a reasonable trier of fact would have believed it. In argument he further challenges the finding of voluntariness of statements he made to detectives, and their admission into evidence, on the bases that he was promised a reduced sentence if he made the statements and that he never signed a waiver of rights form.

As to the fingerprint, defense counsel waived objection by explicitly stating that there was none. See *Kirby v. State*, 174 Ga. App. 58, 61 (7) (329 SE2d 228) (1985). Furthermore, the latent print taken from the crime scene was not blurred. Even if it was to some degree, this would not render the print inadmissible but would go merely to its weight before the jury. " '(W)here the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury.' [Cits.]" *Johnson v. State*, 148 Ga. App. 702, 703 (1) (252 SE2d 205) (1979).

The jury was also the proper evaluator of defendant's version of his whereabouts at the time of the robbery. It was not required to accept defendant's alibi because "where the defendant's statements are not consistent with and do not explain other direct and circumstantial evidence, the defendant's explanation may be rejected by the trier of fact. [Cit.]" *Green v. State*, 155 Ga. App. 795, 796 (272 SE2d 761) (1980).

Appellant's contentions regarding the voluntariness of his statements need not be considered in the context of his enumerated challenge to the sufficiency of the evidence because "an enumeration [of error] may not be enlarged by the brief on appeal to cover a ground not contained in the enumeration. [Cit.]" *Tucker v. State*, 173 Ga. App. 742, 745 (3) (327 SE2d 852) (1985).

However, we note that at the *Jackson-Denno* hearing the State presented evidence that defendant was given his *Miranda* warnings, that he told detectives he would talk to them but would not sign anything, and that he did not invoke his right to an attorney or his right to remain silent. "The refusal to sign a waiver of rights form before speaking to police does not render the statements involuntary and inadmissible. Once *Miranda* warnings are given and a person in cus-

tody gives a statement to police without invoking his right to remain silent and without requesting an attorney, he has in effect waived his rights. The refusal to sign a waiver form does not constitute an invocation of the right to remain silent or the right to counsel." *Aldridge v. State*, 258 Ga. 75, 76 (3) (365 SE2d 111) (1988).

The State presented evidence that defendant was not promised a reduced sentence in exchange for his statement. Inasmuch as the trial court's findings as to factual determinations permitting the admission of defendant's in-custody statements were not clearly erroneous, they must be upheld. *Gates v. State*, 244 Ga. 587, 590 (1) (261 SE2d 349) (1979); see also *Stephens v. State*, 170 Ga. App. 342, 343 (1) (317 SE2d 627) (1984) (non-precedential).

The evidence of defendant's guilt met the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Appellant contends for the first time on appeal that trial counsel was ineffective. He fails to articulate whether he claims deprivation of the right to effective counsel under the Federal Constitution or State Constitution or both but relies on case authority addressing solely the federal standard. Therefore, a claim under the State Constitution is not considered and appellant must show counsel was ineffective under *Strickland v. Washington*, 466 U. S. 668, 687-88 (104 SC 2052, 80 LE2d 674) (1984). Under the two-pronged test set out there, " 'defendant must show that counsel's representation fell below the objective standard of reasonableness' — that is, 'reasonable considering all the circumstances' "; and that " 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Lloyd v. State*, 258 Ga. 645, 647 (2) (373 SE2d 1) (1988).

The complaint is that counsel did not call three witnesses, his two brothers who he claims would have testified favorably for him and a corrections officer who he claims could have bolstered his alibi. We do not consider the substance of the complaint because appellate counsel did not raise it below in a motion for new trial or in any manner which would have permitted the trial court to rule on the matter. See *Simpson v. State*, 250 Ga. 365, 367 (2) (297 SE2d 288) (1982). Although appellate counsel was appointed to represent defendant the day after sentencing, counsel did not raise the alleged violation of the constitutional right to counsel at the earliest practicable moment. See *Smith v. State*, 255 Ga. 654, 655 (3) (341 SE2d 5) (1986). Compare *Hutton v. State*, 192 Ga. App. 239 (384 SE2d 446) (1989), wherein appellate counsel was retained for the first time during the pendency of the appeal. In *Hutton* there was no opportunity for counsel other than trial counsel, who could not make the allegation against himself, to raise it at the trial court level.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 17, 1989.

*Stephen H. Harris*, for appellant.
*Spencer Lawton, Jr., District Attorney, John T. Garcia, Assistant District Attorney*, for appellee.