## A90A0584. WEEMS v. THE STATE.
### (395 SE2d 863)

Pope, Judge.

Defendant Anthony Lamar Weems was indicted for murder, felony murder and possession of a firearm by a convicted felon (OCGA § 16-11-131) and was convicted of voluntary manslaughter. He appeals, challenging the sufficiency of the evidence, effectiveness of counsel and the introduction of certain photographs of the victim and crime scene which he alleges were duplicative. *Held*:

1. Defendant asserts the general grounds. We have examined the evidence pursuant to the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) and find that the evidence was not only sufficient, it was overwhelming. Consequently, this enumeration of error is without merit.

2. Defendant also contends that the trial court erred in admitting, over objection at trial, certain photographs of the victim and the crime scene which he contends were duplicative and prejudicial. Pretermitting the question of whether the photographs here were in fact repetitious and cumulative, "we find that it was not error to admit the photos in this case because they are not particularly gruesome and are relevant as illustrating the cause of death and the crime scene." *Strickland v. State*, 250 Ga. 624, 626 (300 SE2d 156) (1983). "[P]hotographs which are material and relevant to any issue are admissible even though they may be duplicative and inflame the jury. *Goss v. State*, 255 Ga. 678 (1) (341 SE2d 448) (1986) and cits." *Burgan v. State*, 258 Ga. 512, 514 (3) (371 SE2d 854) (1988).

3. Although not raised in the trial court, defendant also asserts that his trial counsel was ineffective. The record shows appellate counsel did not represent defendant at trial or on the motion for new trial and that trial counsel was granted permission to withdraw from this case on March 15, 1990, two days before the notice of appeal was filed. "As the Supreme Court has recently held, '(i)n *Smith [v. State*, 255 Ga. 654 (341 SE2d 5) (1986)], we established the practice of remanding to the trial court the claim of ineffective assistance, when such claim was raised only on appeal. The advantage of this procedure is that the claim can be promptly resolved by the judge who

presided over the trial as opposed to having it resolved by a habeas court somewhere down the road.' *Lloyd v. State*, 258 Ga. 645 (fn. 1) (373 SE2d 10) (1988). See also *Lloyd v. State*, 257 Ga. 108 (355 SE2d 423) (1987)." *Hutton v. State*, 192 Ga. App. 239, 241 (5) (384 SE2d 446) (1989). It is not true, however, that every case which asserts for the first time on appeal an issue as to the effectiveness of counsel must be remanded to the trial court. Rather, our Supreme Court, through a series of cases, has fashioned a procedure whereby the appellate court, in deciding whether it should remand the case, should look to whether the issue of ineffectiveness was raised "at the earliest practicable moment." *Thompson v. State*, 257 Ga. 386, 388 (2) (359 SE2d 664) (1987). "In *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986), trial counsel filed the motion for new trial, and a new attorney represented defendant on appeal. Appellate counsel filed an amended motion for new trial but did not raise the issue of ineffectiveness of trial counsel until the direct appeal. We remanded the case to the trial court for a hearing on the effectiveness of trial counsel. In *Thompson v. State*, [supra], appellate counsel filed an amended motion for new trial but did not raise the issue of ineffectiveness until the direct appeal. The case was remanded under the *Smith* rationale, but this court held that henceforth the claim of ineffectiveness would be deemed waived if appellate counsel filed an amended motion for new trial without raising the issue of ineffectiveness.

"In *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988), we held that henceforth the claim of ineffectiveness would be deemed waived if appellate counsel filed an amended motion for new trial and raised the issue of ineffectiveness *but failed to request an evidentiary hearing*. In the present case, appellate counsel did not represent [defendant] at trial or at the motion for new trial. Therefore, the requirement of *Thompson* that the issue of ineffectiveness must be raised at the time of the amended motion for new trial by a new attorney who files a motion for new trial does not preclude the issue here. However, we must consider the requirement of *Dawson* that an evidentiary hearing must be requested at the time the issue is raised. In *Dawson* we decided that the new attorney who files an amended motion for new trial raising the issue of ineffectiveness of trial counsel must also request an evidentiary hearing in the trial court at that time. Here, [defendant's] new attorney did not file an amended motion for new trial. Rather, he filed an appeal from the denial of the motion for new trial filed by trial counsel. In this appeal [defendant] raises the issue of ineffectiveness of trial counsel for the first time. He has not yet filed any request for an evidentiary hearing. . . .

"We hold that the requirement of *Dawson v. State*, supra, that an evidentiary hearing must be requested at the time of an amended motion for new trial does not apply to a case where the appellate

counsel did not participate in the motion for new trial, and the issue of ineffectiveness of counsel is raised for the first time on appeal. Although [defendant] should have by now filed a request for an evidentiary hearing, he is not barred from proceeding with this claim on this account. Since the claim was only raised on appeal, there was no opportunity for a hearing before the trial court; it is not unreasonable that the case be remanded for a hearing [and appropriate findings concerning the issue of ineffective assistance of counsel] at this point." *Johnson v. State*, 259 Ga. 428, 430 (383 SE2d 115) (1989). Accord *Meders v. State*, 260 Ga. 49 (10) (389 SE2d 320) (1990); *Hutton v. State*, supra at (5). But see *Bell v. State*, 259 Ga. 272 (379 SE2d 519) (1989); *Simpson v. State*, 250 Ga. 365 (2) (297 SE2d 288) (1982); *White v. State*, 192 Ga. App. 703 (386 SE2d 56) (1989); *Huff v. State*, 191 Ga. App. 476 (2) (382 SE2d 183) (1989).

*Judgment affirmed and case remanded with direction. Carley, C. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier and Cooper, JJ., concur. Deen, P. J., and Beasley, J., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I concur in Divisions 1 and 2. I agree with Division 3 to the extent that the complaint was not raised below, but the case should not be remanded because the issue is foreclosed in this proceeding. *White v. State*, 192 Ga. App. 703 (386 SE2d 56) (1989); *Huff v. State*, 191 Ga. App. 476 (382 SE2d 183) (1989).

A motion for new trial had been filed by trial counsel, but the record does not show who represented defendant at a hearing on it, if one was held. The motion was denied on February 15. Although trial counsel's written motion to withdraw was filed and granted on March 15, appellate counsel must have been appointed on or before March 3. There is an order filed that date to release to him a copy of the transcript "for the purpose of handling an appeal."

There still remained at least fourteen days from counsel's appointment before a notice of appeal was due. Appellate counsel filed the notice on that last day, without raising by extraordinary motion for new trial the claim of ineffective assistance of counsel. This could have been done. OCGA § 5-5-41 (b). There was opportunity to do so and thus to present the issue to the trial court.

If there was not sufficient time to investigate to determine whether such an issue was viable[1], an extension for the filing of the notice of appeal for an additional thirty days could have been sought.

---

[1] The sole complaint about counsel's assistance is that he introduced the notion that defendant displayed a knife during the fight, destroying the theory of self-defense in this case where defendant killed a person with a gun borrowed from a bystander.

OCGA § 5-6-39 (a) (1). If the extraordinary motion was not ruled on within this extended time, requiring the appeal to proceed on grounds, if any, other than ineffective assistance due to the strictures of OCGA § 5-6-38 (a), a separate appeal would later lie by application from an adverse ruling on the extraordinary motion. OCGA § 5-6-35 (a) (7).

But at least the issue would have been properly raised in the trial court at the first instance, as is required for review. For "it is well settled that this court will not consider issues and grounds for objection which were not raised and passed upon in the trial court. [Cits.]" *Jefferson v. State*, 157 Ga. App. 324, 326 (2) (277 SE2d 317) (1981); *Shy v. State*, 190 Ga. App. 370, 371 (2) (378 SE2d 920) (1989). This applies to constitutional rights, which is the basis of the claim "error" here. See, e.g., *Ortiz v. State*, 189 Ga. App. 428 (375 SE2d 891) (1988), involving the voluntariness of a consent to search. It is peculiar to have an issue never raised in the trial court heard and decided there on remand without even so much as a motion to lay the issue before that court.

It is true that this proper procedure yields a potential of two appeals, depending on the timing of an adverse ruling on the extraordinary motion, but the majority's holding automatically results in two appeals in every instance of an adverse ruling on the ineffective assistance issue. There would be at least some cases where the trial court ruled on the extraordinary motion within the time, or extended time, for the filing of the notice of appeal. In these cases, all issues would be reviewable by the appellate court at one time by a consolidation of the two appeals in the event the denial of the extraordinary motion warranted full discretionary review.

This achieves finality at the earliest practicable moment, as intended. It also precludes the necessity of full review of the ineffectiveness claim when it is meritless. Of utmost importance is that if the trial court agreed that counsel was ineffective, preparation for the new trial and the new trial itself would occur much sooner.

The process provided by Georgia law has the efficacy of obtaining a directly sought, rather than circuitously mandated, ruling on the issue by the trial court. It also avoids the inevitable remand, which by its nature is burdened with delays and the unnecessary attention of the appellate court. The process was available to defendant, and he does not claim or show that appellate counsel could not utilize it. The majority's ruling allows the case, and any with the issue similarly postured, to be shuttled back and forth between two overburdened courts and thus institutionalizing a procedure relatively unknown to Georgia law, one which brings with it cumbersome delay and piecemeal case management.

*Johnson v. State*, 259 Ga. 428 (383 SE2d 115) (1989), and

*Meders v. State*, 260 Ga. 49 (389 SE2d 320) (1990), relied on by the majority, do not require otherwise. In the first place, remand is only a "practice" adopted in limited circumstances by the Supreme Court to avoid later habeas corpus petitions on the same issue. *Lloyd v. State*, 258 Ga. 645, fn. 1 (373 SE2d 1) (1988). In the second place, the Court was proceeding on the State's request for remand, which is absent here. Thirdly, the Court did not mention the availability of the extraordinary motion procedure in concluding that "there was no opportunity" for airing of the issue at the trial court. Also, *Meders* was a death penalty case and so was governed in addition by the comprehensive Unified Appeal Procedure rules.

The underlying philosophy espoused by the Supreme Court is to require the issue to be raised "at the earliest practicable moment" or be waived. See *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988), quoting from *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986). The issue in this direct appeal from the conviction should be deemed as presenting nothing for review. As stated in *Huff*, supra at 477, "a challenge to the effectiveness of trial counsel will not be considered on appeal where it has not been raised in the trial court in such a manner as to enable the court to rule on it." And as held in *Huff*, the conviction should be affirmed, not remanded.

I am authorized to state that Presiding Judge Deen joins in this opinion.

DECIDED JUNE 25, 1990 —
REHEARING DENIED JULY 16, 1990 — CERT. APPLIED FOR.

*Michael A. Zoffmann*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, David Wright, Rebecca A. Keel, Assistant District Attorneys*, for appellee.