A90A1608. McJUNKIN v. THE STATE.
(405 SE2d 110)

BEASLEY, Judge.

Defendant was convicted of possession with intent to distribute a controlled substance, OCGA § 16-13-30 (b), and driving under the influence of alcohol, OCGA § 40-6-391. His two enumerations of error complain of the ineffectiveness of his trial counsel.

On appeal defendant is represented by new counsel who filed his notice of appeal 19 days after entry of judgment against him, but did not file a motion for new trial. For this reason, the question of whether his trial counsel was ineffective was not presented to the trial court. Where such error was not asserted in the trial court but was raised for the first time on appeal, there is no issue for an appellate court to review. *Scott v. State*, 193 Ga. App. 577, 580 (4) (388 SE2d 416) (1989); *White v. State*, 192 Ga. App. 703 (386 SE2d 56) (1989); *Huff v. State*, 191 Ga. App. 476, 477 (2) (382 SE2d 183) (1989); *Gardiner v. State*, 252 Ga. 422, 423 (2) (314 SE2d 202) (1984); *Simpson v. State*, 250 Ga. 365, 367 (2) (297 SE2d 288) (1982). See *Bell v. State*, 259 Ga. 272 (381 SE2d 514) (1989); *Thompson v. State*, 257 Ga. 386, 387 (2) (359 SE2d 664) (1987); *Smith v. State*, 192 Ga. App. 246, 247 (2) (384 SE2d 451) (1989). Cf. *Weems v. State*, 196 Ga. App. 429 (3) (395 SE2d 863) (1990); *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991).

*Judgment affirmed. Andrews, J., concurs. Pope, J., concurs specially.*

POPE, Judge, concurring specially.

I write separately to caution the defense bar: In order to preserve for appellate review a claim concerning ineffective assistance of trial counsel, the claim must be raised in the trial court at the earliest opportunity or "earliest practicable moment." To date this principle has been applied to reach the following results: If appellate counsel is appointed after the filing of a notice of appeal or after the denial of a motion for new trial by the trial court, the appellate courts will remand the case to the trial court for an evidentiary hearing if the claim of ineffective assistance of counsel is later raised for the first time on appeal. See, e.g., *Johnson v. State*, 259 Ga. 428 (3) (383 SE2d 115) (1989); *Hutton v. State*, 192 Ga. App. 239 (384 SE2d 446) (1989), and *Weems v. State*, 196 Ga. App. 429 (3) (395 SE2d 863) (1990). On the other hand, if appellate counsel is appointed prior to the filing of the notice of appeal and no motion for new trial has been filed or the trial court has yet to rule on a motion for new trial, appellate counsel, in order to avoid waiver, must assert the ineffectiveness issue in the trial court, either by filing a motion for new trial or by amending an already filed but not yet ruled upon motion for new trial. See, e.g.,

*Thompson v. State*, 257 Ga. 386 (2) (359 SE2d 664) (1987); *Simpson v. State*, 250 Ga. 365, 367 (2) (297 SE2d 288) (1982); *Ross v. State*, 195 Ga. App. 624, 626 (3) (394 SE2d 418) (1990); *Scott v. State*, 193 Ga. App. 577, 580 (4) (388 SE2d 416) (1989); *Huff v. State*, 191 Ga. App. 476, 477 (2) (382 SE2d 183) (1989). Likewise, if permission to file an out-of-time appeal has been granted, appellate counsel must raise the ineffectiveness issue by motion for new trial in the trial court prior to the filing of the notice of appeal. *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991); see also *Bell v. State*, 259 Ga. 272 (581 SE2d 514) (1989).

The appellate courts' attempts to solve this dilemma are less than satisfactory. Both courses, remand and refusal to remand, have drawbacks. Perhaps the best procedure would be to have the trial court determine the effectiveness of counsel as a matter of course following every criminal trial in this State. Such a procedure has many obvious benefits, and hopefully would allow appellate review and resolution at the "earliest practicable moment."

DECIDED MARCH 15, 1991 —
REHEARING DENIED MARCH 28, 1991 —

*Summer & Summer, Daniel A. Summer*, for appellant.
*C. Andrew Fuller, District Attorney, William M. Brownell, Jr., Assistant District Attorney*, for appellee.