A90A2142. KINNEY v. THE STATE.
(405 SE2d 98)

POPE, Judge.

Defendant John Kinney was convicted of possession of cocaine with intent to distribute, OCGA § 16-13-30 (b), and possession of less than one ounce of marijuana, OCGA § 16-13-2 (2). He appeals following the denial of his motion for new trial.

1. Defendant contends that even though there was evidence he possessed cocaine, it was insufficient to justify his conviction for possesstion with intent to distribute.

On the contrary, the direct testimony of co-defendants along with evidence of the circumstances of the drug use, the substantial quantity of the contraband, and the substantial amount of cash on defendant, some of which bore cocaine residue, was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of possession of cocaine with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Allen v. State*, 191 Ga. App. 623, 624 (2) (382 SE2d 690) (1989); *Doe v. State*,

189 Ga. App. 793, 795 (377 SE2d 546) (1989); *Holbrook v. State*, 177 Ga. App. 318, 321 (2) (339 SE2d 346) (1985).

2. Defendant also contends he was denied effective assistance of counsel.

Defendant was sentenced on February 23, 1990. Four days later, trial counsel filed a motion for new trial based on the general grounds. On June 8, trial counsel filed a motion for a hearing date. Following the hearing, the court denied the motion for new trial on July 17, at which time trial counsel still represented defendant. New appellate counsel filed a notice of appeal on August 2 and raises for the first time the issue of ineffectiveness of trial counsel. Under these circumstances, where appellate counsel was appointed after the denial of the motion for new trial and the issue of ineffective assistance of trial counsel is raised for the first time on appeal, the case must be remanded to the trial court for an evidentiary hearing on the ineffectiveness issue. *Johnson v. State*, 259 Ga. 428 (3) (383 SE2d 115) (1989); *In re G. G. L.*, 199 Ga. App. 357 (___ SE2d ___) (1991); *Weems v. State*, 196 Ga. App. 429 (3) (395 SE2d 863) (1990); see also *McJunkin v. State*, 199 Ga. App. 353 (___ SE2d ___) (1991) (Pope, J., concurring specially).

*Judgment affirmed and case remanded with direction. Sognier, C. J., McMurray, P. J., Banke, P. J., Birdsong, P. J., Carley, Cooper and Andrews, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

Although I concur in Division 1, I respectfully dissent with respect to Division 2 and remand of this case to the trial court.

Appellant contends that he was denied his rights under the State and Federal constitutions to effective assistance of counsel in that the public defender failed to seek suppression of the State's evidence. However, the issue is foreclosed in this appeal.

The precise date that new appellate counsel entered the case is unclear. Assuming that he entered the case on August 2, the date he filed the notice of appeal, there still remained approximately two weeks before the end of the time to file a timely notice of appeal. Counsel could have raised by extraordinary motion for new trial the claim of ineffective assistance of counsel. OCGA § 5-5-41 (b).[1] There was ample opportunity to do so and thereby to air the issue before the trial court. See the dissenting opinion in *Weems v. State*, 196 Ga. App. 429, 431-433 (395 SE2d 863) (1990). This would have been "the earliest practicable moment," which is the measuring time adopted by

---

[1] An extraordinary motion also may be made after the appeal period has run. OCGA § 5-5-41 (a) & (b). An application for appeal would provide appellate review. OCGA § 5-6-35 (a) (7).

the Georgia Supreme Court in *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986).

"Where such error was not asserted in the trial court but was raised for the first time on appeal, there is no issue for an appellate court to review. [Cits.]" *McJunkin v. State* 199 Ga. App. 353 (\_\_ SE2d \_\_) (1991).

Application of the rule of waiver in this case conforms with the Supreme Court's recent decision in *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991). In *Ponder*, the Court enforced "the policy of initial review in the trial court" and, without calling it by name, pointed to the availability of the extraordinary motion for new trial procedure as a post-conviction remedy for raising the claim of ineffective assistance of counsel. *Ponder*, supra at 840. See OCGA §§ 5-6-39 (b); 5-5-41 (b). It must have meant an extraordinary motion under OCGA § 5-5-41, because by statute the time for filing a motion for new trial could not be extended. OCGA § 5-6-39 (b). The court's grant of an out-of-time appeal could not effect a reprieve or resurrect the 30-day period allowed by law.

Since the Supreme Court in essence recognized the availability of an extraordinary motion for new trial as a procedural device for raising a claim of ineffective assistance of counsel when new counsel obtains an out-of-time appeal, the same opportunity must lie when new counsel enters the case after the motion for new trial pursued by trial counsel has been denied and before appeal is taken. OCGA § 5-5-41 affords that opportunity.

Moreover, OCGA § 5-6-39 (a) & (c) allows an additional 30-day period for appeal if the time from the denial of the original motion for new trial (or from the judgment if no such motion is made) is insufficient for the extraordinary motion. If it is decided within the extended time, it may be appealed as part of the direct appeal. If it is decided after the extended time, and the direct appeal proceeds without it, it can be appealed under OCGA § 5-6-35 (a) (7). The appellate court can, in its discretion, consolidate the appeals when there are two.

The point is, the opportunity exists in Georgia's procedural law currently.

DECIDED MARCH 15, 1991.

*Ernest B. Gilbert*, for appellant.

*Glenn Thomas, Jr., District Attorney, C. Keith Higgins, Assistant District Attorney*, for appellee.