## A92A2413. QUEEN v. THE STATE.
### (427 SE2d 107)

BIRDSONG, Presiding Judge.

Hoyle Grady Queen III has filed a direct appeal of his judgment of conviction and sentence. In the interim between trial and the date of this opinion, appellant filed a State Bar complaint against his defense counsel asserting a claim of ineffective assistance of counsel. Appellant's counsel thereafter filed a motion for leave to withdraw with the superior court. Appellant's counsel asserts to this court, in support of his amended motion for extension of time to file enumerations of error and appellate brief and his amended motion for remand, that the issue of his continued representation as appellate counsel must be resolved as he believes his client wishes to pursue this matter on appeal and said counsel cannot assert such a claim on appeal against himself.

The amended motion for remand is granted subject to the following direction. In the event the motion to withdraw is granted by the superior court and any newly appointed counsel for appellant does file on appellant's behalf a timely claim of ineffective assistance of counsel and requests a hearing on said issue, the trial court shall hold the requisite hearing and enter those findings necessary to a prompt and effective resolution of this issue. The Clerk of this court shall forthwith remove this appeal from the appellate docket, without prejudice to appellant, and return it to the Clerk of the Superior Court of Fannin County. Upon resolution of the issue of appellate counsel representation and of any subsequent issue of inadequacy of counsel, which may be timely raised (compare *Johnson v. State*, 259 Ga. 428 (3) (383 SE2d 115)), and as a matter in aid of our jurisdiction, appellant may re-initiate his appeal of this case by timely refiling his original notice of appeal within 30 days of the trial court's order of disposition. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV.

*Appeal vacated and case remanded, without prejudice, with direction. Pope, C. J., McMurray, P. J., Cooper and Andrews, JJ., concur. Carley, P. J., Beasley, Johnson and Blackburn, JJ., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

A motion for new trial was made and denied, and a timely notice of appeal was filed therefrom within 30 days. OCGA § 5-6-38 (a). After the appeal was docketed in this court, trial counsel, who was appointed to represent defendant on appeal, advised by motion in this court that he had filed in the trial court a motion to withdraw as counsel, because of conflict of interest. The record before us has not been supplemented with this motion.

Assuming that a motion to withdraw is granted, that new counsel

is appointed, and that new counsel wishes to raise a claim of ineffectiveness of trial counsel, it would have to be by extraordinary motion for new trial because it is too late to amend the original motion for new trial. It has already been denied. An extraordinary motion is permitted by OCGA § 5-5-41. If it is denied, and appellant wishes to pursue the direct appeal of the original judgment as well as the denial of the extraordinary motion, it would have to be upon an amended notice of appeal which adds the denial of the extraordinary motion to the original and timely notice of appeal.

In the event new counsel is not appointed or does not see fit to file a challenge to trial counsel's effectiveness, the case would simply be returned to this court and docketed once again on the original and timely notice of appeal.

I am aware of no authority which would allow or require that the original notice of appeal be "refiled." Ga. Const. of 1983, Art. VI, Sec. I, Par. IV, does not authorize us to suspend the statutory rules of procedure.

The case should be remanded for the trial court to rule on the motion to withdraw, when our record shows that there is one. We should not direct what should occur thereafter.

I am authorized to state that Judge Johnson and Judge Blackburn join in this opinion.

DECIDED JANUARY 19, 1993.

*James L. Bass*, for appellant.
*Roger Queen, District Attorney*, for appellee.