United States Court of Appeals,

Eleventh Circuit.

No. 94-9392.

Alexander E. WILLIAMS, IV, Petitioner-Appellant,

v.

Tony TURPIN, Respondent-Appellee.

June 24, 1996.

Appeal from the United States District Court for the Southern District of Georgia. (No. CV 192-209), Dudley H. Bowen, Jr., Judge.

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

BARKETT, Circuit Judge:

Alexander Edmund Williams was convicted by a jury in Richmond County, Georgia, of murder, rape, armed robbery, kidnapping with bodily injury, motor vehicle theft and financial transaction card fraud. He was sentenced to death on August 29, 1986. In this appeal of the district court's denial of relief on his petition for a writ of habeas corpus, Williams raises and briefs multitudinous issues. We affirm the district court as to all claims except his claim that he received ineffective assistance of trial counsel.[1]

---

[1]Because a federal habeas court cannot review perceived errors of state law, *Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991), this court will not review the following claims: (1) improper jury instructions under Georgia law, and (2) improper sentencing verdict format under Georgia law.

We affirm without discussion the following claims: (1) insufficiency of the evidence; (2) Williams's competency to stand trial; (3) failure of the trial court to order a competency hearing *sua sponte;* (4) suppression of exculpatory evidence in violation of *Brady;* (5) trial error in admitting confidential attorney-client information; (6) Sixth Amendment challenge to counsel's disclosure of confidential information; (7) *Batson* violation; (8) denial of full and fair hearing on his petition for habeas corpus.

On March 4, 1986, 16-year-old Aleta Carol Bunch drove her blue 1984 Mustang to a mall in Augusta, Georgia. Her body was found in a remote, wooded area eleven days later. On the same evening that Aleta Bunch disappeared, Alexander Williams drove a blue Mustang to a local game room, and told friends it belonged to "a girl." Before abandoning the car on a dirt road with the assistance of friends, Williams retrieved a .22 caliber pistol, a pocketbook and a shopping bag from the car. The next day Williams and his friends went on a shopping spree with Aleta Bunch's credit cards, and divided up the jewelry that she was wearing on the day she disappeared.

On March 12, 1986, Williams was arrested and was advised of his *Miranda* rights. When Williams requested a lawyer, investigators terminated their questioning, and shortly thereafter, Doug Flanagan was appointed to represent Williams. On March 15, 1986, shortly after meeting with Williams, Flanagan led police to the body and withdrew from the case. On March 18, 1986, O.L. Collins was appointed trial counsel. At trial a number of Williams's friends testified that Williams had told them that he had killed the girl who owned the car. In addition, although the murder weapon was not recovered, one of Williams's friends took investigators to an area where Williams had shot his gun and there they recovered empty cartridge cases that were consistent with the bullets recovered from the victim's body. The jury convicted Williams of Aleta Bunch's kidnapping, robbery, rape, and murder, and sentenced him to death on August 29, 1986.

---

*See* 11th Cir.R. 36-1.

Richard Allen was appointed to represent Williams on appeal. On September 23, 1986, Allen filed a motion for new trial pursuant to Georgia's Unified Appeal Procedure, codified at O.C.G.A. § 17-10-36. Allen raised a number of claims in the motion, including a claim of ineffective assistance of trial counsel. After holding an evidentiary hearing, the state court denied the motion for a new trial or new sentencing hearing. On direct appeal, the Supreme Court of Georgia affirmed Williams's conviction, *Williams v. State,* 368 S.E.2d 742, 258 Ga. 281 (1988), and the United States Supreme Court denied certiorari, *Williams v. Georgia,* 492 U.S. 925, 109 S.Ct. 3261, 106 L.Ed.2d 606 (1989).

In 1989, Allen withdrew from the case and Williams's current counsel was appointed. On November 25, 1989, Williams filed a petition for a state writ of habeas corpus in Butts County, Georgia. In his state petition, Williams claimed at least twenty grounds for relief, including ineffective assistance of trial and appellate counsel. The Superior Court of Butts County denied habeas relief. The Georgia Supreme Court denied Williams's application for a certificate of probable cause to appeal, and the United States Supreme Court denied certiorari, *Williams v. Georgia*, 502 U.S. 1103, 112 S.Ct. 1193, 117 L.Ed.2d 434 (1992).

On October 14, 1992, Williams filed the current petition for federal habeas relief in the Southern District of Georgia. In his petition, Williams again claimed, among other things, that both trial counsel and appellate counsel had rendered ineffective assistance in representing him. The district court denied Williams's petition for habeas relief, and he appeals from that

ruling.

## I. PROCEDURAL BACKGROUND ON INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

In this appeal, Williams contends that his Sixth Amendment right to effective assistance of trial counsel was violated because O.L. Collins, his lawyer at trial, failed to reasonably investigate Williams's background and alleged mental illness, and as a result, failed to present significant mitigating evidence at the penalty phase. Williams also argues that his appellate counsel's ineffective assistance at the motion for new trial stage caused his failure to proffer essential evidence at the evidentiary hearing to support his ineffective assistance of trial counsel claim. Because a number of attorneys represented Williams at various stages of the trial, and because his claim of ineffective assistance of trial counsel is procedurally complex, a chronological description of the various proceedings is presented herein.

Williams first raised his claim of ineffective assistance of trial counsel through his newly appointed appellate attorney, Richard Allen, in his motion for new trial as required by Georgia law. *See Thompson v. State,* 257 Ga. 386, 388, 359 S.E.2d 664, 665 (1987). Allen argued that, in the penalty phase, Collins failed to recognize and investigate Williams's mental illness, failed to hire a psychiatric expert to determine whether Williams was mentally ill, failed to investigate Williams's juvenile records, and failed to find, confer with, or present witnesses for mitigation purposes. Allen stated that four additional witnesses should have been called to testify at the sentencing hearing, but he did not tell the court what their testimony would have been.

The trial court denied the motion for a new trial, finding in pertinent part that (1) the most that the additional four mitigation witnesses could have testified to was the defendant's good character, and therefore, their testimony would have been cumulative of the mitigation evidence presented; and (2) Williams refused to give Collins information that would have been helpful for mitigation purposes. Based upon these factual findings, the court ruled that Collins rendered effective assistance of counsel at the penalty phase. The trial court also stated that to the extent that Collins's actions were deficient at the penalty phase, based on the aggravating and mitigating evidence presented, there was no reasonable probability that the sentencing jury would have concluded that death was not the appropriate penalty. On direct appeal, the Supreme Court of Georgia affirmed the trial court's ruling on the ineffective assistance claim. *Williams v. State,* 258 Ga. 281, 368 S.E.2d 742 (1988).

Williams filed a state habeas petition in Butts County, Georgia, and again raised a claim of ineffective assistance of trial counsel based on the same errors previously alleged in his motion for new trial. In this motion, Williams also claimed that Allen had rendered ineffective appellate representation during the motion for new trial because Allen also had failed to conduct a reasonable independent investigation into Williams's background. As a result, Allen failed to proffer significant mitigating evidence of childhood abuse and mental problems to show that Collins's preparation for the penalty phase was unreasonable and prejudicial.

The state court denied habeas relief and ruled that Allen had provided effective assistance. In its order denying relief, the court made no mention of the newly proffered mitigating evidence of abuse and mental illness. Indeed, the court did not even address the merits of the ineffective assistance of trial counsel claim because Williams "ha[d] not shown any change in the facts or law which pertain to his [claim of ineffective assistance of trial counsel]." Based upon the record, the court apparently did not consider Williams's allegations, which had never been considered in any earlier proceedings, before affirming the denial of the motion for new trial on the claim of ineffective assistance during the penalty phase.

In his federal habeas petition, Williams again raised the issue of ineffective assistance of trial counsel, based upon the same allegations claimed in the earlier proceedings. He requested an evidentiary hearing to present new mitigating evidence of his abusive and unstable childhood and longstanding symptoms of mental illness. He argued that he was entitled to a new evidentiary hearing because appellate counsel's (Allen's) ineffective assistance on the motion for new trial had caused Williams to be deprived of a full and fair hearing on his claim of ineffective assistance of trial counsel. Specifically, he asserted that Allen also had failed to conduct a reasonable independent investigation into Williams's background, and as a result, had failed to adequately develop and present the significant mitigating evidence, which would have supported his claim that trial counsel's preparation for the penalty phase was prejudicially ineffective.

The district court held that Williams had not been denied effective assistance of trial counsel in the penalty phase. In ruling on the merits of that claim, the court accorded the state court's findings of fact a presumption of correctness and refused to consider the newly proffered mitigating evidence. The court refused to hold an evidentiary hearing on the new allegations because, according to the court, Williams had been afforded a full and fair hearing on his motion for a new trial because Allen had rendered effective assistance. In its order, the court explicitly states that (1) Williams did not raise any issues requiring a factual inquiry outside the record; (2) the court did not consider any allegations or evidence outside of the record; and (3) the court adopted the state trial court's findings of fact, which were based only on the evidence that had been tendered on the motion for new trial.

## II. DISCUSSION

On this appeal, we must determine whether the district court erred in refusing to consider Williams's newly proffered evidence before summarily denying him an evidentiary hearing, deferring to the state court's findings of fact, and, ultimately, ruling against him on his claim of ineffective assistance of trial counsel at the penalty phase.

A. *Standards of Review*

A federal habeas court will not hear new evidence in support of a claim, unless the petitioner shows "cause for his failure to develop the facts in state court proceedings and actual prejudice from that failure." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 11-12, 112

S.Ct. 1715, 1721, 118 L.Ed.2d 318 (1992).[2]  A habeas petitioner is entitled to an evidentiary hearing to show cause and prejudice if he proffers specific facts sufficient to support such a finding. *See Smith v. Wainwright,* 741 F.2d 1248, 1261 (11th Cir.1981).

District court findings of fact are subject to the clearly erroneous standard.  *Id.*  State court findings of historical fact are subject to a presumption of correctness to the extent stated by 28 U.S.C. § 2254.[3]  *Keeney,* 504 U.S. at 11, 112 S.Ct. at 1721; *McBride v. Sharpe,* 25 F.3d 962 (11th Cir.1994).

B. *Right to Counsel for Purposes of Showing Cause*

On this appeal, Williams again raises a claim of ineffective assistance of trial counsel, and in support of that claim, again proffers evidence which has never been considered in any other

---

[2]The court has recognized a "narrow exception to the cause-and-prejudice requirement:  A habeas petitioner's failure to develop a claim in state-court proceedings will be excused and a hearing mandated if he can show that a fundamental miscarriage of justice would result from failure to hold a federal evidentiary hearing."  *Keeney,* 504 U.S. at 11-12, 112 S.Ct. at 1721.

[3]Section 2254(d) states that a written finding of fact made by a state court of competent jurisdiction after a hearing on the merits "shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

> (1) that the merits of the factual dispute were not resolved in the State court hearing;
>
> (2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
>
> (3) that the material facts were not adequately developed at the State court hearing;  ...
>
> (6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding...."

proceeding. Before a federal court may consider evidence of Williams's unstable childhood and psychological history in assessing whether Collins's representation during the penalty phase was ineffective, Williams must show cause for failing to present that evidence on his motion for a new trial when he first asserted his ineffective assistance of trial counsel claim. Williams contends that the failure to present this evidence was "caused" by inadequate representation of appellate counsel (Allen) at the hearing on the motion for new trial. However, attorney error constitutes "cause" only when there is a constitutional right to counsel at the stage when the error is committed. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Therefore, as a threshold issue, we must determine if a Georgia capital defendant has a federal constitutional right to effective assistance of counsel in the presentation of an ineffective assistance of trial counsel claim at the motion for new trial stage of Georgia's Unified Appeal Procedure.

It is well-established that under the Sixth and Fourteenth Amendments, a criminal defendant is entitled to effective assistance of counsel during trial, *Gideon v. Wainwright,* 372 U.S. 335, 342-45, 83 S.Ct. 792, 795-97, 9 L.Ed.2d 799 (1963), during the penalty phase of a capital case, *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and at various critical stages of a criminal prosecution where "substantial rights of a criminal accused may be affected," *Mempa v. Rhay,* 389 U.S. 128, 134, 88 S.Ct. 254, 256-57, 19 L.Ed.2d 336 (1967) (right to counsel attaches to deferred sentencing proceeding); *see also, e.g.,*

*Estelle v. Smith,* 451 U.S. 454, 469, 101 S.Ct. 1866, 1876, 68 L.Ed.2d 359 (1981) (psychiatric interview); *United States v. Wade,* 388 U.S. 218, 236, 87 S.Ct. 1926, 1937, 18 L.Ed.2d 1149 (1967) (pretrial line-up); *White v. Maryland,* 373 U.S. 59, 60, 83 S.Ct. 1050, 1051, 10 L.Ed.2d 193 (1963) (preliminary hearings). Furthermore, a criminal defendant has a constitutional right to counsel during the first appeal as of right. *Evitts v. Lucey,* 469 U.S. 387, 398, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985); *Douglas v. People,* 372 U.S. 353, 356-57, 83 S.Ct. 814, 816, 9 L.Ed.2d 811 (1963). The right to effective assistance of counsel during the first appeal attaches because once a state has created a right of appeal, the state must ensure that all persons have an equal opportunity to enjoy the right. *Id.* at 356-57, 83 S.Ct. at 816. However, "once a defendant's claims of error are organized and presented in a lawyerlike fashion" during the first appeal as of right, the obligation of ensuring equal access to the court system is no longer constitutionally required. *Ross v. Moffitt,* 417 U.S. 600, 615-16, 94 S.Ct. 2437, 2446-47, 41 L.Ed.2d 341 (1974). "The duty of the State ... is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims fairly in the context of the State's appellate process." *Id.*

Because meaningful and equal access to the state court system is adequately provided through the direct appeal process, there is generally no constitutional right to effective assistance of counsel in state collateral proceedings. *Murray v. Giarratano,* 492

U.S. 1, 12, 109 S.Ct. 2765, 2771-72, 106 L.Ed.2d 1 (1989); *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). In particular, a criminal defendant is not constitutionally entitled to effective assistance of counsel in state habeas proceedings after a constitutional claim has been exhausted on direct appellate review. *Finley,* 481 U.S. at 555, 107 S.Ct. at 1993.

With respect to ineffective assistance claims, Georgia's Unified Appeal Procedure is intended to remedy issues involving counsel "prior to and during trial," rather than "after conviction and the imposition of the death penalty." *Sliger v. State,* 248 Ga. 316, 319, 282 S.E.2d 291, 293 (1981), *cert. denied,* 455 U.S. 945, 102 S.Ct. 1442, 71 L.Ed.2d 657 (1982). As in trial proceedings, the defendant has the right to be present and mentally competent at the motion for new trial proceedings. *Brown v. State,* 250 Ga. 66, 75, 295 S.E.2d 727, 735 (1982), *cert. denied,* 502 U.S. 906, 112 S.Ct. 296, 116 L.Ed.2d 240 (1991). More importantly, a challenge to the effectiveness of trial counsel must be made in a motion for new trial; indeed, if the defendant fails to raise an ineffective assistance claim in a motion for new trial, such a claim is deemed waived in all further proceedings, including the direct appeal. *Thompson,* 257 Ga. at 388, 359 S.E.2d at 665. The purpose of Georgia's waiver rule is to ensure that allegations of ineffective assistance are "heard at the earliest practicable moment, i.e., during the [evidentiary] hearing on the [ ] motion." *Id.* Consequently, if the evidence underlying an ineffective assistance claim is not presented during the evidentiary hearing on a motion

for new trial, courts are forever foreclosed from reviewing that evidence. With respect to claims of ineffective assistance in Georgia, then, a "defendant's claims of error are organized and presented in lawyerlike fashion," *Ross,* 417 U.S. at 615-16, 94 S.Ct. at 2446-47, for the first and only time upon the motion for new trial.[4] Thus, the motion for new trial is a critical stage of the initial proceedings because it is at this stage that the constitutional right to equal and meaningful access to the courts, particularly through effective representation by counsel, attaches, and that the defendant's substantial rights on direct appeal may be adversely affected. We therefore hold, and Georgia's Attorney General concedes, that a criminal defendant has a constitutional right to effective representation by counsel at the motion for new trial stage of Georgia's Unified Appeal Procedure.[5]

---

[4]The intent of the General Assembly in instituting the process was

> to make certain that all possible matters which could be raised in defense have been considered by the defendant and defense counsel and either asserted in a timely and correct manner or waived in a court with applicable legal requirement so that, for purposes of any pretrial review and the pretrial and post-trial review, the record and transcript of proceedings will be complete for a review by the Sentencing Court and the Supreme Court of all possible challenges to the trial, conviction, sentence, and detention of the defendant.

O.C.G.A. § 17-10-36(b).

[5]This holding also comports with Georgia precedent which holds that a criminal defendant has a right to counsel in the motion for new trial stage because it is a critical proceeding in the state's prosecution. *Adams v. State,* 199 Ga.App. 541, 543, 405 S.E.2d 537, 539 (1991). Other circuits also have held that post-trial motions for a new trial are critical stages in a criminal proceeding, which trigger a criminal defendant's Sixth Amendment right to effective assistance of counsel. *See Johnson*

C. *Evidentiary Hearing to Show Cause*

On both state and federal habeas Williams proffered substantial evidence to support his claim that trial counsel was ineffective for failing to discover and present easily discoverable and significant mitigating evidence during the sentencing phase. Williams's proffer, which was first made to the state habeas court, includes, but is not limited to, the following specific facts and affidavits which have not yet been considered by any court.[6] According to affidavits submitted by Williams's sister, mother, and father, both his mother and paternal grandmother, with whom he lived when his mother disappeared for long periods of time, often beat him with objects, including hammers, screwdrivers, the heel of a glass slipper, and tree limbs, and threatened to beat him with barbells. His mother would lock him outside, sometimes while he was naked. Later his stepfather allegedly physically and sexually abused him. When he was a teenager, he went to live with his father, who was never married to his mother and never participated in his upbringing. His father realized that something was wrong with Williams psychologically, and wanted to send him for a psychological evaluation, but Williams's mother initially refused. As a teenager Williams withdrew emotionally, eventually became

---

*v. Mizell,* 912 F.2d 172, 176 (7th Cir.1990), *cert. denied,* 498 U.S. 1094, 111 S.Ct. 982, 112 L.Ed.2d 1067 (1991); *Menefield v. Borg,* 881 F.2d 696, 698-99 (9th Cir.1989); *see also Baker v. Kaiser,* 929 F.2d 1495, 1498-99 (10th Cir.1991) (right to counsel extends through first appeal as of right).

[6]For the full record of Williams's proffer to the state habeas court see Respondent's Exhibit No. 16 vol. 4, Case No. CV192-209, Transcripts of Proceedings before Honorable Dewey Smith, Superior Court of Butts County, Georgia.

obsessed with his own religion, and twice was hospitalized for injuries resulting from blows to his head. He was eventually sent to Georgia Regional Hospital for a psychological evaluation, and was discharged a week later with a recommendation that he continue receiving outpatient treatment. While awaiting trial on the current charges, he experienced auditory and visual hallucinations, and performed bizarre religious rituals. Williams's habeas counsel also submitted the affidavit of Dr. Barry Scanlon, a Board Certified psychiatrist, who, based on the information contained in these affidavits, records of Williams's behavior before, during, and after trial, and two meetings he had with Williams, diagnosed Williams with schizophrenia. The proffered evidence also suggests that neither attorney conducted an interview with Williams's mother in a way that would have elicited helpful evidence of mitigating circumstances, or followed up on her hints of abuse; nor did they contact Williams's father prior to the habeas proceedings, or ask him to participate in any of the proceedings. Indeed, Williams's sister stated in her affidavit that, had she only been asked, she would have testified at the sentencing hearing as to Williams's abusive childhood.

Williams contends that his failure to present the evidence at the motion for new trial was caused by appellate counsel's (Allen's) failure to discover and present it. Thus, the newly proffered evidence is not only relevant to a determination as to whether trial counsel (Collins) was constitutionally ineffective, it is also relevant to whether appellate counsel (Allen) was constitutionally ineffective for failing to discover and present it

on the motion for new trial.  Although Williams must show cause before he is entitled to an evidentiary hearing to present the new evidence to support his primary claim of ineffective assistance of trial counsel, *Keeney,* 504 U.S. at 11-12, 112 S.Ct. at 1721, Williams is entitled to an evidentiary hearing *for purposes of establishing cause* if he has proffered specific facts sufficient to support such a finding, *Smith,* 741 F.2d at 1261.  Thus, before denying him an evidentiary hearing on the new evidence, the district court should have determined whether Williams's newly proffered evidence was sufficient to support a finding of cause and prejudice.  Based upon the record, the district court did not make such a determination.

Therefore, we remand to the district court to determine whether the newly proffered evidence is sufficient to support a finding of cause and prejudice for failure to present the evidence earlier, i.e., that Allen's investigation and representation were prejudicially ineffective.  If the district court determines that Williams has proffered evidence sufficient to support such a finding, Williams is entitled to an evidentiary hearing in order to show cause and prejudice.  If the district court determines that Williams has shown cause for and prejudice resulting from the failure to develop and present the mitigating evidence earlier, then the district court must determine, taking into account the new mitigating facts, whether Collins rendered ineffective assistance in the penalty phase.

AFFIRMED in part;  REVERSED in part;  and REMANDED.