DeMOSS, Circuit Judge,
dissenting:
The majority concludes, as did the state habeas court, that John Mayo was not deprived of the assistance of counsel during the post-trial, pre-appeal time for filing a motion for new trial, despite the existence of affidavits from his attorneys attesting that they in fact did not represent Mayo during this period. Because I believe this conclusion to be unreasonable in fight of the evidence presented in the State habeas proceeding, I respectfully dissent. Further, because I conclude that the post-trial, pre-appeal time for fifing a motion for new trial is a “critical stage” in the proceedings, I would grant Mayo’s request for habeas relief.
I. ASSISTANCE OF COUNSEL
The majority concludes that the state habeas court’s finding that Mayo was not denied counsel during the post-trial, pre-appeal time for fifing a motion for new trial was “not legally or factually unreasonable.” [1] It reasons:
*342 Under Texas law, Mewis was bound to represent Mayo until the trial court permitted him to withdraw or appointed a new attorney. That Mewis was unaware of his legal responsibility does not transform an error into the “denial” or “absence” of counsel. Mewis in fact represented his client post-trial by taking steps to ensure the appointment of appellate counsel.
I have no quarrel with the majority’s recognition that, as a matter of Texas law, trial counsel remains under a duty to continue representing his or her client until the court permits a withdrawal.[2] I am also cognizant that, under Texas law, “[w]hen a motion for new trial is not filed in a case, the rebuttable presumption is that it was considered by the appellant and rejected,” and that the appellant carries the burden to “rebut the presumption that the appellant was represented by counsel.” Oldham v. State, 977 S.W.2d 354, 363 (Tex.Crim.App.1998).
However, “being under a duty to represent” and actually performing that duty are horses of a different color. Contrary to the majority’s view, I believe it indisputable in this case that Mayo did rebut the presumption that he was represented by counsel during the time for filing a motion for new trial. Mayo presented two affidavits in support of his claim — one from Me-wis, his trial attorney, and one from Gray, his appointed appellate attorney. Mewis’s affidavit stated:
On March 8,1991, after Mr. Mayo was sentenced, he said that he wanted to appeal. Because I do not handle appeals, I told him to hire another lawyer. I assumed that he would do so. I took no further action on his case.
When I had not heard from another lawyer after about three weeks, I went to see Mr. Mayo in jail to determine whether he had hired counsel for the appeal. He said that he could not afford to do so.
On April 4, 1991, three days before the time expired to file a motion for new trial and notice of appeal, I had Mr. Mayo brought to court. I filed a notice of appeal and had him sign an affidavit of indigency requesting the appointment of counsel on appeal. The court appointed Will Gray.
After Mr. Mayo was sentenced, I did not provide him with additional legal assistance because I did not intend to represent him on appeal. For all practical purposes, he did not have the assistance of counsel from the time that he was sentenced until Mr. Gray learned of the court appointment. As a result, no lawyer investigated the possible grounds for a motion for new trial.
Gray’s affidavit stated:
The coordinator of the 263rd District Court customarily forwarded me a copy of the combination order appointing counsel and pauper’s oath by United States Mail.... If the order were mailed on April 4, 1991, the earliest I could have received it would have been April 6,1991.
I was not able to speak with the Appellant or file a motion for new trial by April 7,1991.
In my view, these affidavits effectively rebut the presumption that Mayo was represented by counsel during the time period *343 for filing a motion for new trial.[3] Mayo claims he was without representation; both Mayo’s attorneys have sworn under oath that Mayo was without representation; and no motion for new trial was actually filed. I cannot conceive what more conclusive proof we could require Mayo to present to demonstrate he was in fact without representation.
In Ward v. State, the Texas Court of Criminal Appeals emphasized that the “continuity of representation from trial to appeal is necessary to correct the ambiguity of representation which all too often follows a conviction.” 740 S.W.2d 794, 797 (Tex.Crim.App.1987). As the court explained, this is the precise reason for the rule requiring counsel to formally withdraw from representation. Id. & n. 6. By failing to perform his statutory duty to formally withdraw from representing Mayo, Mewis subjected Mayo to this “ambiguity of representation,” leaving Mayo without an attorney to counsel him or investigate grounds for filing a motion for new trial, and depriving the trial court of notice that it was necessary to appoint new counsel.
Because both Mayo’s attorneys disclaim representing him during the post-trial, pre-appeal period for filing a motion for new trial, and because, in fact, no motion for new trial was filed, I would hold that Mayo has demonstrated that he was without representation during that period. The state habeas court’s conclusion that Mayo was represented is “an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(2). Because the majority holds otherwise, I respectfully dissent.
II. CRITICAL STAGE
As the majority notes, before prejudice in this case can be presumed, Mayo must also show that the period he was without counsel was a “critical stage” of the proceedings. United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2089, 80 L.Ed.2d 657 (1984). The state habeas courts did not consider this issue. The panel majority likewise declined to reach this issue because its conclusion that Mayo had representation is dispositive of Mayo’s appeal. Nonetheless, the majority opines, in dicta, that the time period for filing a motion for new trial is not a critical period under Cronic. I disagree.
It is well settled that a defendant is constitutionally entitled to the assistance of counsel at every critical stage of the proceedings. E.g., id.; Michigan v. Jackson, 475 U.S. 625, 629-80, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986); United States v. Wade, 388 U.S. 218, 224-25, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); White v. Maryland, 373 U.S. 59, 60, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963). Under the test articulated by the Supreme Court, whether a particular time period is a critical stage turns on an assessment of whether, at the time in question, “the accused required aid in coping with legal problems or assistance in meeting his adversary.” United States v. Ash, 413 U.S. 300, 313, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973). Stated another way, critical stages of the prosecution include all parts of the prosecution implicating sub *344 stantial rights of the accused. Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).
While the Supreme Court has not considered precisely this issue, every federal circuit court to address the question has concluded that the post-trial, pre-appeal time period for filing a motion for new trial is a critical stage.[4] See, e.g., Kitchen v. United States, 227 F.3d 1014, 1019 (7th Cir.2000); Williams v. Turpin, 87 F.3d 1204, 1210 n. 5 (11th Cir.1996); Robinson v. Norris, 60 F.3d 457, 460 (8th Cir.1995); Menefield v. Borg, 881 F.2d 696, 699 (9th Cir.1989). And at least two other circuit courts, without expressly mentioning motions for new trial, have held that “the hiatus between the termination of trial and the beginning of an appeal” is a critical stage. Baker v. Kaiser, 929 F.2d 1495, 1499 (10th Cir.1991); Nelson v. Peyton, 415 F.2d 1154, 1157 (4th Cir.1969).
Each of these circuits looked to the effect of a motion for new trial in the particular state at issue. Relying on principles articulated by the Supreme Court, each court ultimately concluded that this time period, under the relevant state law, qualified as a critical stage. Thus, while I find these cases instructive, I recognize that the proper focus here is on whether a defendant’s substantive rights are affected during the post-trial, pre-appeal time period for filing a motion for new trial under Texas law. See Hamilton v. Alabama, 368 U.S. 52, 53, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961).
In Texas, Rule 21 of the Texas Rules of Appellate Procedure governs motions for new trial. Under this rule, a motion for new trial is a prerequisite to points raised on appeal “only when necessary to adduce facts not in the record.” Tf,x.R.App. PROC. 21.
The Texas Court of Criminal Appeals has never squarely addressed whether the time period for filing a post-trial, pre-ap-peal motion for new trial is a critical stage. It has held that a defendant is entitled to counsel at a hearing on a motion for new trial. Trevino v. State, 565 S.W.2d 938, 940 (Tex.Crim.App.1978). However, the two times it has been asked to consider whether the time for filing a motion for new trial was a critical stage, it has not reached the question. Instead, both times it concluded, as a threshold matter, that the defendant had failed to demonstrate that he or she was actually without counsel during this period. Smith v. State, 17 S.W.3d 660, 663 (Tex.Crim.App.2000) (“We hold that appellant has failed to overcome the presumption that he was adequately represented by counsel during the time for filing a motion for new trial.”); Oldham, 977 S.W.2d at 361 (“[T]he appellant has failed to show that she was denied counsel during the time limit for filing a motion for new trial.”).
Nonetheless, every Texas court of appeals to consider the issue has concluded that, in Texas, the post-trial, pre-appeal time for filing a motion for new trial is a “critical stage.” See, e.g., Prudhomme v. State, 28 S.W.3d 114, 119 (Tex.App.—Texarkana 2000, order); Massingill v. State, 8 S.W.3d 733, 736 (Tex.App.—Austin 1999, no pet,); Hanson v. State, 11 S.W.3d 285, 288 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd); Burnett v, State, 959 S.W.2d *345 652, 656 (Tex.App.—Houston [1st Dist.] 1997, pet. refd). These courts all begin their analysis with the recognition that whether a particular stage is critical turns on an assessment of the usefulness of counsel to the accused at that time. See Ash, 413 U.S. at 318, 93 S.Ct. 2568; Upton v. State, 853 S.W.2d 548, 553 (Tex.Crim.App.1993). And several of these courts thoroughly explained their conclusion that, under Texas law, the time period at issue in this case does affect the substantive rights of the accused:
The importance of counsel to a defendant immediately after conviction is recognized in both case law and statute. As previously discussed, an attorney’s responsibilities to his client do not end with conviction....
A defendant “must comply with a myriad of procedural rules in order to perfect a meaningful appeal.” While a motion for new trial is not a prerequisite to appeal in every case, for a meaningful appeal of some issues a defendant must prepare, file, present, and obtain a hearing on a proper motion for new trial in order to adduce facts not otherwise shown by the record. It is no more reasonable to require a defendant to perform these tasks without the assistance of counsel than it is to require him to represent himself at a new trial hearing.
Massingill, 8 S.W.3d at 736 (citations omitted).
We find it to be indisputable that counsel can be useful in coping with legal problems in preparing, filing, presenting, and obtaining a hearing on a proper motion for new trial, because the process of preserving error with a motion for new trial is governed by a myriad of rules and can be a rather arduous task.... We also find it to be beyond dispute that a motion for new trial can be an extremely important tool for presenting an appeal. A motion for new trial is generally not a prerequisite to an appeal, but it can be indispensable for a meaningful appeal of issues which are reliant on facts outside the record.
If a hearing on a motion for a new trial is a critical stage [as held by the Texas Court of Criminal Appeals in Trevino ], then logic dictates that the time period for filing the motion is also a critical stage of the proceedings.
Prudhomme, 28 S.W.3d at 118-19 (citations and alterations omitted).
In sum, although the United States Supreme Court and the Texas Court of Criminal Appeals have never considered this precise issue, every federal circuit court and Texas state court to do so has relied on settled Supreme Court precedent to hold this time period is “critical.” I am persuaded by the Texas courts of appeals’ reasoning that,- even though a motion for new trial is not always a prerequisite to an appeal in Texas, it undoubtedly can affect a defendant’s substantial rights. Accordingly, I would hold that the post-trial, pre-appeal time period for filing a motion for new trial is a critical stage of the proceedings during which a defendant is constitutionally entitled to effective assistance of counsel. Moreover, based on settled Supreme Court precedent, because Mayo has shown he was denied the assistance of counsel during a critical stage of his trial, he is relieved of the burden to show specific prejudice. Cronic, 466 U.S. at 659 n. 25, 104 S.Ct. 2039 (“The Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceedings.”); Prejudice is *346 presumed.[5] Id.
Finally, I disagree with the majority’s conclusion that holding the post-trial, pre-appeal time period for filing a motion for new trial to be a critical stage would represent an impermissible extension of Cronic under Teague v. Lane. Stated simply, Teague teaches us that a federal court reviewing a habeas petition cannot apply a new constitutional rule of law in granting relief to the defendant. 489 U.S. 288, 310, 109 S.Ct. 1060,103 L.Ed.2d 334 (1989). In Burdine v. Johnson, we considered the scope of Cronic’s rule that mandates a presumption of prejudice when a defendant’s counsel is absent during a critical stage of the proceedings. 262 F.3d 336, 346 (5th Cir.2001). There our en banc Court stated that Cronic identified the “fundamental idea” under the Sixth Amendment that a “defendant must have the actual assistance of counsel at every critical stage of a criminal proceeding for the court’s reliance on the fairness of that proceeding to be justified.” Id.
Because I am convinced that the time period for filing a post-trial, pre-appeal motion for new trial fits comfortably within long-established Supreme Court precedent, I do not believe Mayo’s claim is Teague barred. This is true even though the Supreme Court has never expressly designated this particular stage as critical. See Williams v. Taylor, 529 U.S. 362, 382, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (“[A]s our precedent interpreting Teague has demonstrated, rules of law may be sufficiently clear for habeas purposes even when they are expressed in terms of a generalized standard rather than as a bright-line rule.”) (Stevens, J., concurring).
Teague teaches us that a rule is “new” only if it “breaks new ground or imposes a new obligation on the States or the Federal Government.” Teague, 489 U.S. at 301, 109 S.Ct. 1060. Here, the Supreme Court has clearly articulated standards for this Court to use in determining whether a stage is critical. Simply applying those standards does not amount to application of a “new rule.”
III. CONCLUSION
I would hold that the state courts’ conclusion that Mayo was represented by counsel during the time for filing a post-trial, pre-appeal motion for new trial is unreasonable in light of the evidence presented in the State court proceedings. Because the majority holds otherwise, I respectfully dissent. Further, because I believe that Mayo was without counsel during a critical stage of the proceedings, I would reverse the district court’s judgment and remand to the state district court to permit Mayo to file an out-of-time motion for new trial under the state laws existing at the time of his conviction.

. The state habeas court’s entire analysis consisted of one sentence: "The applicant was not denied assistance of counsel during the *342 time for filing a motion for new trial, as Paul Mewis remained attorney of record.”

. This principle has been long recognized by the Texas Court of Criminal Appeals, e.g., Harrison v. State, 516 S.W.2d 192, 192 (Tex.Crim.App.1974), and is now codified in the Texas Code of Criminal Procedure. See. Tex Code Crim. Proc. art. 26.04(j)(2).

. This evidence distinguishes this case from those where the Texas Court of Criminal Appeals has rejected similar claims. See Smith v. State, 17 S.W.3d 660, 663 (Tex.Crim.App.2000) ("We therefore assume, absent a showing in the record to the contrary, that appellant was adequately counseled regarding his right to file a motion for new trial.”) (emphasis added); Oldham, 977 S.W.2d at 363 (“There is nothing in the record to suggest that the attorney did not discuss the merits of a motion for a new trial with the appellant, which the appellant rejected.”).

. As the majority notes, several federal courts have held that there is no constitutional right to counsel for post-appeal motions for new trial that are merely collateral attacks. See, e.g., United States v. Tajeddini, 945 F.2d 458, 470 (1st Cir.1991), overruled in part on other grounds by Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). However, it cites no cases, and I have found none, holding that the post-trial, pre-appeal time period for filing a motion for new trial is not a critical stage.

. For this reason, the majority!s discussion about the merits of Mayo’s motion for new trial should be irrelevant to our analysis. Contrary to the majority’s suggestion, a defendant is not required to prove prejudice as a prerequisite to his or her entitlement to a presumption of prejudice.