[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 20, 2010
JOHN LEY
CLERK

No. 09-14124
Non-Argument Calendar

_____

D. C. Docket No. 98-00230-CR-T-23

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY HARVEY DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 20, 2010)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Stanley Davis appeals the district court's modification of a lump-sum restitution order to require periodic restitution payments of $100 per month. Davis contends that he should have been afforded counsel at the district court hearing on his motion to modify, and he alleges that the court abused its discretion in fixing the scheduled payment amount at $100 per month. After careful consideration of the parties' briefs and a thorough review of the record, we affirm.

I.    Right to Counsel

The existence of a right to counsel is a question of law that we review *de novo*. *United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009). "*Pro se* filings . . . are entitled to liberal construction." *Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000). Although the government contends that the Davis's claim should be reviewed only for plain error, Davis's *pro se* motion for appointment of counsel—if liberally construed—preserved his argument for appeal. We review a district court's calculation of restitution for an abuse of discretion. *See Cani v. United States*, 331 F.3d 1210, 1212 (11th Cir. 2003).

Indigent parties may have a right to an attorney based on three different sources. *Webb*, 565 F.3d at 794. First, a party may have a constitutional right under the Sixth Amendment's guarantee of counsel. "It is well-established that

under the Sixth and Fourteenth Amendments, a criminal defendant is entitled to effective assistance of counsel during trial, during the penalty phase of a capital case, and at various critical stages of a criminal prosecution where substantial rights of a criminal accused may be affected." *Williams v. Turpin*, 87 F.3d 1204, 1209 (11th Cir. 1996) (citations and quotations omitted). Although a criminal defendant has a constitutional right to counsel during the first appeal, once that appeal is complete, the "obligation of ensuring equal access to the court system is no longer constitutionally required." *Id.* We have "consistently held that there is no federal constitutional right to counsel in postconviction proceedings." *Barbour v. Haley*, 471 F.3d 1222, 1227 (11th Cir. 2006).

In some circumstances, defendants also have a right to counsel based on Fifth Amendment guarantees of due process. The Supreme Court has interpreted the Fifth Amendment to require counsel to be appointed whenever "fundamental fairness" would demand it. *Webb*, 565 F.3d at 794 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S. Ct. 1756, 1763 (1973)). In *Gagnon*, the Supreme Court found that due process might entitle the petitioner to counsel in a probation revocation hearing, in which resolution of the dispute required the petitioner to marshal facts and examine witnesses. *See* 411 U.S. at 786-90, 93 S. Ct. at

1761–64. The Court concluded that due process concerning the appointment of counsel should be examined on a case-by-case basis. *Id.* at 788, 93 S. Ct. at 1763.

Finally, a defendant has a statutory right to counsel under 18 U.S.C. § 3006A. According to the statute, representation is provided to a financially eligible defendant in certain circumstances, including: when the defendant is entitled to appointment of counsel under the Sixth Amendment to the Constitution; when the defendant "faces the loss of liberty in a case, and Federal law requires the appointment of counsel"; and whenever the court determines that the interests of justice so require, including when a defendant seeks relief under 28 U.S.C. §§ 2241, 2254, or 2255. 18 U.S.C. § 3006A(a)(1), (2). Section 3006A(c)—the subsection on which Davis relies—states in pertinent part: "**Duration and Substitution of Appointments.** — A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. 3006A(c) (emphasis in heading original).

Davis was not entitled to counsel under any of these three sources. Although a defendant is entitled to counsel during direct appeal, he does not have

4

a Sixth-Amendment right to counsel during collateral attacks on his sentence. *See Barbour*, 471 F.3d at 1227; *United States v. Berger*, 375 F.3d 1223, 1226–27 (11th Cir. 2004). More specifically, the Sixth Amendment does not guarantee a right to counsel at a hearing in which a defendant requests the court's leniency in modifying a validly imposed restitution order. *See Webb*, 565 F.3d at 794. Because Davis had already exhausted his direct appeal, his corresponding Sixth Amendment right to counsel has already been extinguished. *See Barbour*, 471 F.3d at 1227; *Williams*, 87 F.3d at 1209.

Further, the district court did not deprive Davis of his due process rights under the Fifth Amendment, as Davis's self-representation did not result in a fundamentally unfair hearing. Even assuming Davis suffered from a legitimate mental condition, it did not impair his ability to present his motion to the court or to report his financial condition, such that the hearing was fundamentally unfair. Davis was able to present a complete picture of his finances that allowed the court to arrive at a $100-per-month payment schedule. Beyond an unsupported allegation, Davis identifies no specific mental or physical disability that impaired his ability to receive a fair disposition of his claim, and he otherwise identifies no defect that deprived him of his due process rights under the Fifth Amendment.

5

Finally, Davis does not have a statutory right to counsel. Section 3006A provides that an indigent defendant is entitled to appointed counsel when, among other circumstances, the Sixth Amendment so requires, federal law mandates representation, or the defendant faces the loss of liberty. *See* 18 U.S.C. § 3006A(a). None of those conditions is present here. Nor was the hearing within the ambit of the "ancillary matters" contemplated by § 3006A(c), despite Davis's claims to the contrary. As we have noted, the legislative history of § 3006A(c) indicates that "ancillary matters" are "limited to proceedings comprehended within the action for which the appointment was made." *In re Lindsey*, 875 F.2d 1502, 1508 (11th Cir. 1989) (citing H.R. Rep. No. 1546 (1970), *reprinted in* 1970 U.S.C.C.A.N. 3982, 3989). We have read "ancillary matters" to mean "those procedural mechanisms employed within the context of a federal action to insure the protection of a person's rights *in that action*." *Webb*, 565 F.3d at 795 (emphasis in original) (quotation omitted). Davis's present motion is not a direct appeal, and the district court hearing was neither a sentencing nor a resentencing hearing. Davis's motion to modify or correct a restitution order imposed nearly ten years earlier was not comprehended within the original action and is therefore

6

not "ancillary" to that proceeding. Consequently, § 3006A does not provide a statutory right to counsel in this case.

II.    Restitution Payment

A district court must order restitution payments accounting for the full amount of each victim's losses. 18 U.S.C. § 3664(f)(1)(A); *Cani*, 332 F.3d at 1214. The controlling statute permits modification of a restitution order upon a showing of a material change in the defendant's circumstances. 18 U.S.C. § 3664(k). When calculating the appropriate payment schedule, the court must consider: the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant, including obligations to dependents. 18 U.S.C. § 3664(f)(2). A restitution order may direct the defendant to make only nominal periodic payments when the facts of record demonstrate that "the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments." 18 U.S.C. § 3664(f)(3)(B).

The district court did not abuse its discretion in ordering Davis to pay $50 per paycheck, for a total $100-per-month restitution payment. Davis's submission to the district court indicated that he earned a salary of $676 per two-week pay period. Further, he claimed that he would be unable to comply with the court's order, largely due to the $600 per month he was expected to pay in rent. However, he recently moved from a house for which he paid $350 per month in rent, and he did not explain why, when forced to relocate, he chose an apartment that cost $250 more per month. Additionally, Davis does not address the money he claims to be owed, in excess of $100,000, or its impact on his ability to comply with the court's restitution order. More importantly, the financial documentation that Davis provided to the court outlined his financial resources, his income, and his debts. The district court considered and discussed these documents with Davis. Because the court considered Davis's financial resources, projected earnings and other income, and financial obligations when arriving at its restitution payment schedule, it fulfilled its statutory mandate. *See* 18 U.S.C. § 3664(f)(2). Accordingly, the district court did not abuse its discretion in ordering Davis to pay $100 per month in restitution.

**AFFIRMED.**

8